119 T.C. No. 10


UNITED STATES TAX COURT


STANLEY D. CLOUGH AND ROSEMARY A. CLOUGH, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6836-02.                    Filed October 18, 2002.


        R filed a motion to dismiss for lack of
jurisdiction on the ground that Ps' petition was not
timely filed.  R attached a copy of the certified mail
list showing that the notice of deficiency was mailed
on Dec. 4, 2001.  The U.S. Postal Service postmark on
the envelope in which the petition was mailed was dated
Mar. 21, 2002, a date more than 90 days after the
mailing of the notice of deficiency.  R filed sworn
declarations of the manager of the office that
maintained the certified mail list stating that the
list was obtained from records of that office.  R also
filed a declaration of a processing clerk of the U.S.
Postal Service outlining the procedure that he follows
in processing certified mail and stating that on Dec.
4, 2001, he placed a postal stamp on the certified mail
list attached to R's motion.  Ps object to the
introduction into evidence of the certified mail list
and the declarations on the grounds that these
documents constitute inadmissible hearsay.

        *Held*: The certified mail list is a record of
regularly conducted activity under Fed. R. Evid. 802(6)
and is self-authenticated by the accompanying
declarations under Fed. R. Evid. 902(11).


Stanley D. Clough and Rosemary A. Clough, pro se.

Karen N. Sommers, Melinda G. Williams, and Donna F. Herbert, for respondent.


                              OPINION

        DAWSON, *Judge*:  This case was assigned to Special Trial
Judge Carleton D. Powell pursuant to the provisions of section
7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with
and adopts the opinion of the Special Trial Judge, which is set
forth below.

                OPINION OF THE SPECIAL TRIAL JUDGE

        POWELL, *Special Trial Judge*:  This matter is before the
Court on respondent's motion to dismiss for lack of jurisdiction,
as supplemented.  Respondent contends that the Court lacks
jurisdiction in this case on the ground that the petition was not
filed within the time prescribed in sections 6213(a) and 7502(a).
Petitioners resided in Sylmar, California, at the time the
petition was filed.

---

        [1]  Unless otherwise indicated, section references are to the
Internal Revenue Code, as amended, and Rule references are to the
Tax Court Rules of Practice and Procedure.

## Background

On or about December 28, 2001, petitioners received a notice of deficiency that respondent sent by certified mail. In the notice, respondent determined a deficiency of $51,440 in petitioners' 1999 Federal income tax and an accuracy-related penalty under section 6662(a) of $10,288. The notice of deficiency was addressed to petitioners at 13550 Foothill Blvd. Unit, Sylmar, California. Petitioners do not dispute that the Sylmar address was their correct address.

The cover page of the notice of deficiency contained the following information: (1) The date of the notice of deficiency (December 4, 2001); (2) petitioners' primary taxpayer identification number; (3) the type of tax, the taxable year, and the amount of the deficiency and penalty; (4) the name of an Internal Revenue Service contact person, as well as a phone number, fax number, and hours to call; and (5) the last date to file a petition with the Court (March 4, 2002).[2] The notice of deficiency was issued by the Internal Revenue Service Center in Ogden, Utah (the Ogden Service Center).

On April 1, 2002, the Court received and filed a joint

---

[2] Sec. 3463 of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, 767, directs the Secretary to include on each notice of deficiency issued under sec. 6212 the date of the last day on which the taxpayer may file a petition with the Tax Court. See Rochelle v. Commissioner, 116 T.C. 356, 359 (2001), affd. 293 F.3d 740 (5th Cir. 2002).

petition for redetermination challenging the above-described notice of deficiency.  The petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark dated March 21, 2002.

Respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed.  Attached to respondent's motion to dismiss is a copy of a certified mail list.[3]  The certified mail list indicates that on December 4, 2001, duplicate original notices of deficiency for the taxable year 1999 were mailed to petitioners.  Petitioners are identified on the certified mail list by name, address, and primary taxpayer identification number.  A U.S. Postal Service postmark dated December 4, 2001, appears in the lower right-hand corner of the certified mail list.  The postmark, which is rectangular, identifies the U.S. Post Office as "IRS OGDEN UT USPS-84201" and includes the facsimile signature of Greg L. Holt. Petitioners object to respondent's reliance on the certified mail list on the ground the document constitutes inadmissable hearsay.

The matter was called for hearing at the Court's motions session in Washington, D.C., on June 19, 2002.  Counsel for respondent appeared.  Respondent submitted a declaration executed

---

[3]  The Court has recognized that a certified mail list is the equivalent of a Postal Service Form 3877, Acceptance of Registered, Insured, C.O.D. and Certified Mail.  See Stein v. Commissioner, T.C. Memo. 1990-378.

by Susan D. Petersen (Ms. Petersen), the manager of the Correspondence/Processing Examination Department at the Ogden Service Center.  Ms. Petersen's declaration states that she is a custodian of various records, including certified mail lists. Ms. Petersen's declaration describes in general terms the procedures that are used in mailing notices of deficiency, including the transfer of notices of deficiency to the U.S. Postal Service and the Ogden Service Center's practice of retaining certified mail lists.  Ms. Petersen's declaration states that the copy of the certified mail list attached to respondent's motion to dismiss was obtained from records maintained at the Ogden Service Center.

Petitioners did not appear, but they filed a request to change the place of hearing.  The Court continued the matter for further hearing to the Court's trial calendar in San Diego, California, on June 28, 2002.  Petitioner Stanley D. Clough and counsel for respondent appeared at the second hearing and were heard.

During the second hearing, respondent filed with the Court a supplement to the motion to dismiss and submitted a declaration executed by Greg L. Holt (Mr. Holt), a U.S. Postal Service mail processing clerk assigned to the Ogden Service Center.

Mr. Holt's declaration states that his duties as a mail processing clerk include processing certified mail items

delivered to him by Ogden Service Center personnel.  Mr. Holt's declaration outlines the procedures that he follows in processing certified mail, including his practice of verifying the information contained in the Commissioner's certified mail lists, and, thereafter, placing a postmark stamp on each such list.  Mr. Holt's declaration states that, on December 4, 2001, he placed a postmark stamp on the certified mail list that was attached as an exhibit to respondent's motion to dismiss.  Petitioners also object to the admission of Mr. Holt's declaration on the ground that the document constitutes inadmissible hearsay.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  Sec. 7442; Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to a taxpayer by certified or registered mail.  Pursuant to section 6213(a), a taxpayer has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date

the notice of deficiency is mailed to file a petition with the Court for a redetermination of the deficiency.

The Commissioner bears the burden of proving by competent and persuasive evidence that a notice of deficiency was properly mailed to a taxpayer. Cataldo v. Commissioner, 60 T.C. 522, 524 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). We require the Commissioner to introduce evidence showing that the notice of deficiency was properly delivered to the U.S. Postal Service for mailing. Coleman v. Commissioner, 94 T.C. 82, 90 (1990). The act of mailing may be proven by evidence of the Commissioner's mailing practices corroborated by direct testimony or documentary evidence. Id. The Commissioner is not required to produce employees who personally recall each of the many notices of deficiency which are mailed annually. Cataldo v. Commissioner, supra at 524.

There is no dispute in this case regarding the existence of the notice of deficiency dated December 4, 2001. Petitioners acknowledge receiving the notice of deficiency in late December 2001.

Respondent asserts that the notice of deficiency was mailed to petitioners on December 4, 2001, and, therefore, the 90-day period for filing a timely petition with the Court expired on March 4, 2002--more than 2 weeks before petitioners mailed their petition to the Court. Petitioners concede that, if the notice

of deficiency was mailed to them on December 4, 2001, their petition was not filed within the 90-day period prescribed in section 6213(a). The only dispute, therefore, is the date the notice of deficiency was mailed.

Where the existence of a notice of deficiency is not disputed, a Postal Service Form 3877, Acceptance of Registered, Insured, C.O.D. and Certified Mail, or its equivalent--a certified mail list--represents direct documentary evidence of the date and the fact of mailing. Coleman v. Commissioner, supra at 90-91; see Magazine v. Commissioner, 89 T.C. 321, 324, 327 (1987). A properly completed certified mail list reflects compliance with Internal Revenue Service procedures for mailing deficiency notices. Coleman v. Commissioner, supra at 90.

Exact compliance with certified mail list procedures raises a presumption of official regularity in favor of the Commissioner. United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984). A failure to comply precisely with the certified mailing list procedures may not be fatal if the evidence adduced is otherwise sufficient to prove mailing. Coleman v. Commissioner, supra at 91.

Petitioners contend, however, that both the certified mail list and the declaration executed by Mr. Holt constitute inadmissible hearsay, and respondent has otherwise failed to prove the date that the notice of deficiency was mailed.

In general, section 7453 and Rule 143(a) provide that Tax Court proceedings are to be conducted in accordance with the rules of evidence applicable in trials without a jury in the U.S. District Court for the District of Columbia. Consistent with this directive, we observe the Federal Rules of Evidence.[4]

Rule 801(c) of the Federal Rules of Evidence defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Rule 802 of the Federal Rules of Evidence provides that hearsay generally is not admissible except as otherwise provided.  Rule 803(6) of the Federal Rules of Evidence provides an exception to the hearsay rule as follows:

> Rule 803.  Hearsay Exceptions; Availability of Declarant Immaterial
>
> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> *        *        *        *        *        *        *
>
> (6) Records of Regularly Conducted Activity.--A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule

---

[4]  Petitioners' exegesis on California law is beside the point.

902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Rule 902 of the Federal Rules of Evidence, inter alia, provides:

Rule 902.  Self-authentication

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

*       *       *       *       *       *       *

(11) Certified Domestic Records of Regularly Conducted Activity.--The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record--

(A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
(B) was kept in the course of the regularly conducted activity; and
(C) was made by the regularly conducted activity as a regular practice.

A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.[5]

---

[5]  The Advisory Committee Notes pertaining to Fed. R. Evid. 902(11) state in pertinent part:

(continued...)

Respondent argues that the copy of the certified mail list attached to the motion to dismiss should be admitted as evidence of the date of mailing of the notice of deficiency under the exception to the hearsay rule set forth in rule 803(6) of the Federal Rules of Evidence. Respondent further argues that the declarations executed by Ms. Petersen (Ogden Service Center custodian of records) and Mr. Holt (U.S. Postal Service mail processing clerk) are sufficient to self-authenticate the certified mail list for purposes of admission into the record in this case under rule 902(11) of the Federal Rules of Evidence.

Petitioners argue, however, that the certified mail list and

---

[5](...continued)

### 2000 Amendments

The amendment adds two new paragraphs to the rule on self-authentication. It sets forth a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness. See the amendment to Rule 803(6). * * *

A declaration that satisfies 28 U.S.C. § 1746 would satisfy the declaration requirement of Rule 902(11), as would any comparable certification under oath.

The notice requirement in Rules 902(11) and (12) is intended to give the opponent of the evidence a full opportunity to test the adequacy of the foundation set forth in the declaration.

28 U.S.C. sec. 1746 (1994) provides in pertinent part that any matter that is permitted to be proved by sworn declaration may be proved by an unsworn declaration in writing which is dated and states that the declaration is made under the penalty of perjury and is true and correct.

the declaration executed by Mr. Holt[6] do not qualify under an exception to the hearsay rule because those documents were prepared in anticipation of litigation and, therefore, they are inherently unreliable. See Palmer v. Hoffman, 318 U.S. 109, 113-114 (1943).

As previously noted, the Commissioner is authorized to send notices of deficiency to taxpayers by certified or registered mail. Sec. 6212(a). Consistent with the mandate of section 6212(a), and in order to provide a means for determining the dates regarding the issuance of notices of deficiency, it is necessary and proper for the Commissioner to prepare and retain certified mail lists in the normal course of operations. It is, therefore, incorrect to state that the certified mail list was prepared in anticipation of litigation. Rather, it is a record of regularly conducted activities addressed by rule 803(6) of the Federal Rules of Evidence.

The declarations executed by Ms. Petersen and Mr. Holt were prepared in the course of litigation in order to satisfy the requirements of rule 902(11) of the Federal Rules of Evidence. The purpose of the declarations is to authenticate the certified mail list. In short, the declarations show that: (1) The certified mail list was prepared and retained by respondent in

---

[6] Although petitioners do not challenge the declaration executed by Ms. Petersen, our analysis is equally applicable to her declaration.

the normal course of operations; and (2) the postmark stamp was placed on the certified mail list by Mr. Holt, a U.S. Postal Service mail processing clerk, consistent with normal practices.[7]

Petitioners have offered no evidence that the disputed documents are somehow unreliable. In the absence of any such evidence, we shall admit the certified mail list and the declarations into evidence.

In sum, respondent has produced competent and persuasive evidence that duplicate original notices of deficiency were mailed to petitioners on December 4, 2001. See Cataldo v. Commissioner, 60 T.C. at 524. Petitioners have not presented any evidence that the notices of deficiency were mailed on any date other than December 4, 2001. Because we conclude that the notices of deficiency were mailed to petitioners on December 4, 2001, it follows that the petition was not filed within the statutory 90-day period. Consequently, we shall grant respondent's motion and dismiss this case for lack of jurisdiction.[8]

---

[7] Petitioners have not argued that respondent failed to comply with the final sentence of Fed. R. Evid. 902.

[8] Although we lack jurisdiction in this case, petitioners are not without a remedy. In short, petitioners may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 n.5 (1970).

To reflect the foregoing,

> An order of dismissal for lack of jurisdiction will be entered granting respondent's motion to dismiss for lack of jurisdiction, as supplemented.