T.C. Summary Opinion 2010-41

UNITED STATES TAX COURT

TOMASZ KOZIEJ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28875-08S.                    Filed April 12, 2010.

Tomasz Koziej, pro se.

<u>Michael T. Shelton</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the years in

issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined the following deficiencies in, and the following accuracy-related penalties under section 6662(a) on, petitioner's Federal income taxes:

| Year | Deficiency | Accuracy-Related Penalty Sec. 6662(a) |
|------|------------|----------------------------------------|
| 2004 | $813 | $162.60 |
| 2005 | 3,492 | 698.40 |

The issues for decision[1] are whether: (1) Amounts deposited in petitioner's bank accounts in excess of his reported income for 2004 and 2005 constitute income; and (2) petitioner is liable for accuracy-related penalties under section 6662(a) for 2004 and 2005.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the stipulation of settled issues, and the attached exhibits are incorporated herein by reference. When petitioner filed his petition, he resided in Illinois.

Petitioner timely filed his 2004 and 2005 Federal income tax returns. He reported total gross receipts of $6,230 for 2004 and $13,550 for 2005.

---

[1]Petitioner's eligibility for the earned income credit is a computational adjustment to be determined consistent with this opinion.

During the years at issue petitioner worked for a construction business.

In a notice of deficiency respondent determined that petitioner failed to report income of $3,831 for 2004 and $14,454 for 2005. Respondent further determined that petitioner was liable for accuracy-related penalties of $162.60 and $698.40 for 2004 and 2005, respectively.

Petitioner agrees that the disputed amounts were deposited in his bank accounts in 2004 and 2005 and not reported as income. Petitioner asserts, however, that these deposits constituted loan repayments and are thus nontaxable.

## Discussion

### I. Evidentiary Matters

In general, the Court conducts trials in accordance with the rules of evidence for trials without a jury in the U.S. District Court for the District of Columbia, and accordingly, follows the Federal Rules of Evidence. Sec. 7453; Rule 143(a); Clough v. Commissioner, 119 T.C. 183, 188 (2002). However, Rule 174(b) carves out an exception for trials of small tax cases under the provisions of section 7463(a). Under Rule 174(b), the Court conducts small tax cases as informally as possible and consequently may admit any evidence that the Court deems to have probative value. Schwartz v. Commissioner, 128 T.C. 6, 7 (2007).

Respondent objects to several documents proffered by petitioner, arguing that they constitute inadmissible hearsay.

A. <u>Statements</u>

Petitioner proffered two statements from friends averring that they had paid petitioner money in 2004 and 2005 as repayments of previous loans. There is no corroborating evidence, however, beyond petitioner's testimony, that the payments petitioner received constituted loan payments. In addition, petitioner did not present any evidence that he entered into a loan agreement with any of the parties, or that the parties intended to repay him the "lent" funds. Therefore, the Court will sustain respondent's objections. See Rule 174(b).

B. <u>Checks</u>

Petitioner proffered copies of the front of two checks made out to "cash". Petitioner alleges that these checks were repayments of loans he previously made to those parties. There is no evidence, other than petitioner's own testimony, that the checks constituted loan payments as opposed to income. In addition, there is no evidence that these checks were actually presented for payment.

Because there is no indication that these checks constituted loan payments or that they were presented for payment, sufficient grounds exist to sustain respondent's evidentiary objection.

## II. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[2] Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

## III. Unreported Income

Respondent determined deficiencies in petitioner's Federal income taxes for 2004 and 2005 by using the bank deposits method. "The bank deposits method assumes that all money deposited in a taxpayer's bank account during a given period constitutes taxable income, but the Government must take into account any nontaxable source or deductible expense of which it has knowledge." Clayton v. Commissioner, 102 T.C. 632, 645-646 (1994).

"The use of the bank deposit method for computing income has long been sanctioned by the courts." Estate of Mason v. Commissioner, 64 T.C. 651, 656 (1975) (and cases cited thereat), affd. 566 F.2d 2 (6th Cir. 1977). "A bank deposit is prima facie evidence of income and respondent need not prove a likely source of that income." Tokarski v. Commissioner, 87 T.C. 74, 77 (1986)

---

[2]Petitioner has not claimed or shown that he meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to his liability for tax.

(citing Estate of Mason v. Commissioner, supra at 656-657). The burden of showing duplications is on the taxpayer. Zarnow v. Commissioner, 48 T.C. 213, 216 (1967).

Petitioner reported gross receipts of $6,230 for 2004. That year deposits in his bank accounts totaled $41,061.17. Respondent determined that $31,000 of petitioner's unreported deposits in 2004 was not income. For 2005 petitioner reported gross receipts of $13,550. Respondent calculated that deposits totaled $202,127.09 in petitioner's bank accounts in 2005 but found that $174,123.49 of the unreported deposits was not income.

Petitioner does not contest that unreported amounts of $3,831 in 2004 and $14,454 in 2005, as determined by respondent, were deposited into his bank accounts. Petitioner asserts that these amounts constituted loan payments, nontaxable returns of capital, see, e.g., Franks v. Commissioner, T.C. Memo. 1990-189, and are thus nontaxable.

Petitioner testified that he received loan payments from friends in 2004 and 2005.[3] He provided multiple bank statements to corroborate his testimony. The bank statements, however, are uninformative. The statements simply provide the date and the

---

[3]Marian Czarnik also testified that he made a loan payment to petitioner in the amount of $3,800 in 2004. There is no corroborating evidence, however, that petitioner lent any money to Mr. Czarnik or that Mr. Czarnik's payment to petitioner constituted a loan payment.

amount of each deposit, and the subject indicates "deposit".[4] The statements do not indicate the source of any of the deposited funds.  Furthermore, petitioner did not present evidence that he executed or entered into a loan agreement with any of the parties.  Such agreement may demonstrate that petitioner intended to lend money and that the parties intended to repay petitioner the lent funds.

On the basis of the foregoing, the Court is unable to find that the unreported income is attributable to loan payments and is nontaxable.  Accordingly, respondent's determinations are sustained.

IV.  <u>Accuracy-Related Penalty</u>

Section 6662(a) and (b)(1) and (2) imposes a 20-percent accuracy-related penalty for any portion of an underpayment that is attributable to:  (1) Negligence or disregard of rules or regulations; or (2) a substantial understatement of income tax.[5]

Section 6662(c) defines "negligence" to include "any failure to make a reasonable attempt to comply with the provisions of this title," and "disregard" to include "any careless, reckless, or intentional disregard."  Negligence also includes any failure

---

[4]Several statements contained indecipherable codes.

[5]Because the Court finds that petitioner was negligent or disregarded rules or regulations, the Court need not discuss whether there is a substantial understatement of income tax.  See sec. 6662(b).

by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

The Commissioner bears the burden of production with respect to the applicability of an accuracy-related penalty determined in a notice of deficiency. See sec. 7491(c). In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once he has met his burden, the burden of proof is upon the taxpayer to prove that the accuracy-related penalty does not apply because of reasonable cause, substantial authority, or the like. See secs. 6662(d)(2)(B), 6664(c); Higbee v. Commissioner, supra at 448.

Respondent determined accuracy-related penalties of $162.60 and $698.40 for 2004 and 2005, respectively. Petitioner's tax liabilities for 2004 and 2005 are attributable to his failure to report as income his claimed receipt of loan payments. Petitioner did not keep the records required by the Code to substantiate receipt of loan payments. Failure to keep adequate records is evidence not only of negligence, but also of intentional disregard of regulations. See sec. 1.6662-3(b)(1) and (2), Income Tax Regs.; see also Magnon v. Commissioner, 73 T.C. 980, 1008 (1980). Petitioner has failed to demonstrate that

he was not negligent, and the Court finds that respondent has met his burden of production under section 7491(c).

An accuracy-related penalty is not imposed on any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith.  Sec. 6664(c)(1).  Section 1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances test to determine whether the taxpayer acted with reasonable cause and in good faith.  The most important factor is the extent of the taxpayer's effort to assess his proper tax liability.  Id.

Petitioner failed to present any evidence or argument as to why he should not be subject to the accuracy-related penalties for 2004 and 2005.  Accordingly, respondent's determinations of accuracy-related penalties for 2004 and 2005 are sustained.

To reflect the foregoing,

Decision will be entered

for respondent.