T.C. Summary Opinion 2010-40

UNITED STATES TAX COURT

LEOPOLD KOZIEJ AND MARIA KOZIEJ, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28871-08S.                    Filed April 12, 2010.

Leopold Koziej and Maria Koziej, pro sese.

Michael T. Shelton, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the years in

issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined the following deficiencies in, and accuracy-related penalties under section 6662(a) on, petitioners' Federal income taxes:

| Year | Deficiency | Accuracy-Related Penalty Sec. 6662(a) |
|------|-----------|----------------------------------------|
| 2004 | $2,559 | $511.80 |
| 2005 | 10,120 | 2,024.00 |

The issues for decision are whether: (1) Amounts deposited in petitioners' bank accounts in excess of their reported income for 2004 and 2005 constitute income; and (2) petitioners are liable for accuracy-related penalties under section 6662(a) for 2004 and 2005.

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the stipulation of settled issues, and the attached exhibits are incorporated herein by reference. When petitioners filed their petition, they resided in Illinois.

Petitioners timely filed their 2004 and 2005 Federal income tax returns. They reported total gross sales of $429,866 for 2004 and $641,917 for 2005 from their construction business.

During the years at issue petitioners operated JMB Construction and borrowed money to cover expenses associated with the costs of their business.

In a notice of deficiency respondent determined that petitioners failed to report income of $10,355 for 2004 and $37,391 for 2005. Respondent further determined that petitioners were liable for accuracy-related penalties of $511.80 and $2,024 for 2004 and 2005, respectively.

Petitioners agree that the disputed amounts were deposited in their bank accounts and not reported as income for 2004 and 2005. Petitioners assert, however, that these deposits constituted loans and are thus nontaxable.

## Discussion

### I. Evidentiary Matters

In general, the Court conducts trials in accordance with the rules of evidence for trials without a jury in the U.S. District Court for the District of Columbia, and accordingly, follows the Federal Rules of Evidence. Sec. 7453; Rule 143(a); Clough v. Commissioner, 119 T.C. 183, 188 (2002). However, Rule 174(b) carves out an exception for trials of small tax cases under the provisions of section 7463(a). Under Rule 174(b), the Court conducts small tax cases as informally as possible and consequently may admit any evidence that the Court deems to have probative value. Schwartz v. Commissioner, 128 T.C. 6, 7 (2007).

Respondent objects to several documents proffered by petitioners, arguing that they constitute inadmissible hearsay.

A. <u>Affidavits</u>

Petitioners proffered several affidavits from friends and acquaintances averring that they had lent petitioners money in 2004 and 2005.

There is no corroborating evidence, however, other than petitioners' own testimony, that petitioners' friends lent them money in 2004 or 2005. For example, there is no evidence in the record that petitioners entered into a loan agreement with any of these parties or that petitioners intended to repay the "lent" funds. Therefore, the Court will sustain respondent's objections. See Rule 174(b).

B. <u>Checks</u>

Petitioners proffered several checks made out to "JMB Construction" or "cash" and alleged that these checks constituted loans. Again, however, other than petitioners' own testimony, there is no evidence that the checks constituted loans as opposed to income.

Because there is no indication that these checks constituted loans, sufficient grounds exist to sustain respondent's evidentiary objection.

II. <u>Burden of Proof</u>

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those

determinations are erroneous.[1]  Rule 142(a); see <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

III.  <u>Unreported Income</u>

Respondent determined deficiencies in petitioners' Federal income taxes for 2004 and 2005 by using the bank deposits method. "The bank deposits method assumes that all money deposited in a taxpayer's bank account during a given period constitutes taxable income, but the Government must take into account any nontaxable source or deductible expense of which it has knowledge."  <u>Clayton v. Commissioner</u>, 102 T.C. 632, 645-646 (1994).

"The use of the bank deposit method for computing income has long been sanctioned by the courts."  <u>Estate of Mason v. Commissioner</u>, 64 T.C. 651, 656 (1975) (and cases cited thereat), affd. 566 F.2d 2 (6th Cir. 1977).  "A bank deposit is prima facie evidence of income and respondent need not prove a likely source of that income."  <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986) (citing <u>Estate of Mason v. Commissioner</u>, <u>supra</u> at 656-657).  The burden of showing duplications is on the taxpayer.  <u>Zarnow v. Commissioner</u>, 48 T.C. 213, 216 (1967).

---

[1]Petitioners have not claimed or shown that they meet the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to their liability for tax.

Petitioners reported gross sales of $429,866 for 2004. That year deposits in their bank accounts totaled $495,406.43 Respondent determined that $10,355 of their unreported deposits was income. For 2005 petitioners reported gross sales of $641,917. Respondent calculated petitioners' total deposits for 2005 and determined that $37,391 of the unreported deposits was income.[2]

Petitioners do not contest that unreported amounts of $10,355 in 2004 and $37,391 in 2005, as determined by respondent, were deposited into their bank accounts. Petitioners assert, however, that these amounts constituted loans and are thus nontaxable.

Receipt of a loan is not income to the borrower for Federal income tax purposes. Karns Prime & Fancy Food, Ltd. v. Commissioner, 494 F.3d 404, 405 (3d Cir. 2007), affg. T.C. Memo. 2005-233; Toberman v. Commissioner, 294 F.3d 985, 988 (8th Cir. 2002), affg. in part and revg. in part T.C. Memo. 2000-221. In determining whether a given transaction constitutes a loan for Federal income tax purposes, the substance, rather than the form, of the transaction is controlling. Karns Prime & Fancy Food, Ltd. v. Commissioner, supra at 408. The factors considered by the courts to determine whether a transaction constitutes a valid

_____

[2]For 2005 respondent determined that $206,860.98 of petitioners' unreported deposits was not income.

debt include:  The existence of a written or formal debt instrument, the existence of specific terms for the debt, the terms for repayment of the debt, whether the taxpayer had any legal obligation to repay the loan, and whether the taxpayer held an actual intent to repay the loan.  Welch v. Commissioner, 204 F.3d 1228, 1230 (9th Cir. 2000), affg. T.C. Memo. 1998-121.

Petitioners testified that they received several loans from friends in 2004 and 2005 to finance their construction business.[3] On September 21, 2005, they also obtained two lines of credit totaling $303,060.

Although petitioners testified that they received loans from friends, there is no corroborating evidence showing that the money they received constituted loans as opposed to income. Petitioners did not present evidence that they entered into loan agreements with any of their friends or that petitioners intended to repay the purported loans.

Petitioners provided multiple bank statements striving to corroborate their testimony that they received loans from friends in 2004 and 2005.  Petitioners identified several deposits, claiming that the deposits constituted loans.  The bank statements, however, are uninformative.  The statements designate

---

[3]Marian Czarnik also testified that he lent petitioners $4,000 in 2004.  He verified that he endorsed a check written in October 2004 for $4,000.  This check, however, was made out to "cash", and there is no corroborating evidence that the money was "lent" to petitioners.

deposits simply as a "deposit" and provide the date and the amount of the deposit. The statements do not indicate the source or origination of any of the deposited funds, and there is no indication that the deposits constituted loans as opposed to income.

Petitioners also claim that they made several draws on their line of credit in 2005. Petitioners identified two separate deposits in their bank records, on August 3 and 9, 2005. They argue that these deposits resulted from draws on their line of credit; one in the amount of $40,000 and the other in the amount of $80,000. Despite petitioners' assertions, these deposits were actually made more than 1 month before the date petitioners obtained their credit line. Furthermore, petitioners did not show that any remaining deposit in 2005 resulted from a draw on their line of credit.

Petitioners have failed to show that the unreported amounts for 2004 and 2005 were attributable to loans or that they did not constitute income. On the basis of the foregoing, the Court is unable to conclude that the unreported income is nontaxable. Respondent's determinations are sustained.

IV. Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a 20-percent accuracy-related penalty for any portion of an underpayment that

is attributable to:  (1) Negligence or disregard of rules or regulations; or (2) a substantial understatement of income tax.[4]

Section 6662(c) defines "negligence" to include "any failure to make a reasonable attempt to comply with the provisions of this title," and "disregard" to include "any careless, reckless, or intentional disregard."  Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.

The Commissioner bears the burden of production with respect to the applicability of an accuracy-related penalty determined in a notice of deficiency.  See sec. 7491(c).  In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once he has met his burden, the burden of proof is upon the taxpayer to prove that the accuracy-related penalty does not apply because of reasonable cause, substantial authority, or the like.  See secs. 6662(d)(2)(B), 6664(c); Higbee v. Commissioner, supra at 448.

---

[4]Because the Court finds that petitioners were negligent or disregarded rules or regulations, the Court need not discuss whether there is a substantial understatement of income tax.  See sec. 6662(b).

Respondent determined accuracy-related penalties of $511.80 and $2,024 for 2004 and 2005, respectively. Petitioners' tax liabilities for 2004 and 2005 are attributable solely to their failure to report as income their claimed receipt of loans. Petitioners did not keep the records required by the Code to substantiate receipt of loans. Failure to keep adequate records is evidence not only of negligence, but also of intentional disregard of regulations. See sec. 1.6662-3(b)(1) and (2), Income Tax Regs.; see also Magnon v. Commissioner, 73 T.C. 980, 1008 (1980). Petitioners have failed to demonstrate that they were not negligent, and the Court finds that respondent has met his burden of production under section 7491(c).

An accuracy-related penalty is not imposed on any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). Section 1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances test to determine whether the taxpayer acted with reasonable cause and in good faith. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability. Id.

Petitioners failed to present any evidence or argument as to why they should not be subject to the accuracy-related penalties

for 2004 and 2005.  Accordingly, respondent's determinations of accuracy-related penalties for 2004 and 2005 are sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.