NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM A. GODDARD, | No. 20-73023 |
| Petitioner-Appellant, | IRS Nos. 1143-05 |
| | 1145-05 |
| v. | 1335-06 |
| | 1504-06 |
| COMMISSIONER OF INTERNAL REVENUE, | 20673-09 |
| | 20674-09 |
| | 20675-09 |
| Respondent-Appellee. | 20676-09 |
| | 20677-09 |
| | 20678-09 |
| | MEMORANDUM[*] |

On Petition for Review of an Order of the
United States Tax Court

Argued and Submitted December 7, 2021
San Francisco, California

Before: LUCERO,[**] IKUTA, and VANDYKE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

William Goddard appeals from a Tax Court decision affirming the Commissioner's assessment of nearly $5 million in back taxes. On appeal, Goddard raises complex jurisdictional, merits, and procedural challenges to the Tax Court's decision. We are not writing on a blank slate. The Eleventh Circuit recently affirmed the Tax Court in a companion case involving Goddard's co-conspirator, which presented virtually identical facts and legal issues. Greenberg v. Comm'r, 10 F.4th 1136 (11th Cir. 2021). Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm for substantially the same reasons given by the Eleventh Circuit.[1]

This court has repeatedly emphasized that "[u]niformity among Circuits is especially important in tax cases to ensure equal and certain administration of the tax system." Hill v. Comm'r, 204 F.3d 1214, 1217 (9th Cir. 2000) (quotation omitted). "That is particularly true where, as here, a circuit split would create two mutually exclusive rules" about the Tax Court's jurisdiction. Lin Ai v. United States, 809 F.3d 503, 507 (9th Cir. 2015). Because we find the Eleventh Circuit's opinion in Greenberg well-reasoned and highly persuasive, we see no reason to depart from its conclusions.

---

[1] The parties are familiar with the facts, so we repeat them here only as necessary.

In Goddard's case, the Tax Court properly exercised jurisdiction in all respects. First, the IRS was correct to send notices of deficiency ("NODs") in place of final partnership administrative adjustments because Goddard's partnership, GG Capital, was not covered by the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) during the relevant tax years. The Tax Court did not clearly err in finding that GG Capital failed to adhere to the regulatory requirement that all partners sign a TEFRA election and therefore was not subject to the TEFRA regime. See Greenberg, 10 F.4th at 1157-58; Temp. Treas. Reg. § 301.6231(a)(1)-1T(b)(2), 52 Fed. Reg. 6790 (Mar. 5, 1987).[2] Second, all NODs were timely mailed. The 2004 NOD was timely because it was postmarked and date stamped within the limitations period, which entitles the IRS to a presumption of official regularity that Goddard has not overcome. See United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Clough v. Comm'r, 119 T.C. 183, 187-88 (2002); Greenberg, 10 F.4th at 1161-63. The 2009 NOD concerning the 1999 tax year was timely because 26 U.S.C. § 6229(a) (1998) suspends the normal three-year limitation period when, as was true in this case, litigation is pending. See 26

_____

[2] Goddard argues that GG Capital was not subject to the regulation because it was covered by TEFRA when it attempted to elect coverage for future years. As the Eleventh Circuit noted, however, "it strains credulity that the Secretary and the temporary regulation conceived of two separate regimes for small partnerships and non-small partnerships regarding partners signing the election to be subject to TEFRA." Greenberg, 10 F.4th at 1160.

U.S.C. § 6501(a) (establishing the normal three-year limitation period); Greenberg, 10 F.4th at 1163-65. Third, the Tax Court retained jurisdiction over the substance of each alleged deficiency because the Tax Court did not clearly err in finding that Goddard failed to meet his burden to prove GG Capital's supposed interests in the claimed TEFRA source partnerships at issue, much less entitlement to any of the claimed deductions. See Sparkman v. Comm'r, 509 F.3d 1149, 1159 (9th Cir. 2007); Greenberg, 10 F.4th at 1167.

Goddard's merits arguments are similarly unavailing. He first asserts that the Tax Court improperly assigned him the burden of proof. So long as the IRS establishes a taxpayer's income in a deficiency notice and properly identifies deductions it seeks to disallow, the taxpayer carries the burden to prove entitlement to claimed deductions. See Sparkman, 509 F.3d at 1159; Weimerskirch v. Comm'r, 596 F.2d 358, 360 (9th Cir. 1979). Because the IRS laid a foundation for its assessments in each NOD, the Tax Court properly assigned the burden of proof to Goddard. Moreover, Goddard retained the burden because the IRS did not raise "new matters" before the Tax Court. See Tax Court R. 142(a)(1) (shifting the burden of proof to the IRS on "new matters" raised for the first time in the Tax Court). The new matters Goddard alleges were merely additional theories to support deficiencies previously asserted in the NODs or rebuttals to arguments Goddard raised in the Tax Court. In all cases, Goddard retained the burden of

proof.  See Stewart v. Comm'r, 714 F.2d 977, 990-91 (9th Cir. 1983) (taxpayer retains the burden of proof on new theories as opposed to new matters); Greenberg, 10 F.4th at 1171-73.

Goddard's second merits challenge is that the Tax Court erred in finding him liable for back taxes alleged in the 2009 converted item notices because he never claimed the alleged deductions on his personal tax returns.  However, all converted item NODs make explicit reference to Goddard's personal returns and explain how the disallowed deductions passed through his partnerships.  Greenberg, 10 F.4th at 1168-71.  This court has specifically upheld similar NODs.  See Clapp v. Comm'r, 875 F.2d 1396, 1402 (9th Cir. 1989).

Finally, Goddard contests four post-trial procedural rulings.  First, the Tax Court did not abuse its discretion in declining to reopen the record for introduction of new evidence because the evidence existed at the time of trial and Goddard offers no legitimate reason for his failure to introduce it then.  Hongsermeier v. Comm'r, 621 F.3d 890, 899 (9th Cir. 2010); Greenberg, 10 F.4th at 1173.  Second, the Tax Court did not abuse its discretion in accepting the IRS's back tax calculations under Tax Court Rule 155 because the IRS cured any duplications contained in the original NODs.  See Clapp, 875 F.2d at 1401; Greenberg, 10 F.4th at 1174.  Third, the Tax Court did not abuse its discretion by declining to consider Goddard's contention that California law should be considered when apportioning

5

his share of GG Capital's liability because that argument should have been raised

at trial. <u>Greenberg</u>, 10 F.4th at 1174-76.[3] Fourth, the Tax Court lacked jurisdiction

to consider Goddard's argument that interest on his back taxes should have been

suspended during the pendency of litigation. <u>See</u> <u>Comm'r v. McCoy</u>, 484 U.S. 3, 7

(1987).

   **AFFIRMED.**

---

[3] Goddard responds that he failed to raise the argument at trial because the IRS represented that it would consider the California law, but the record reveals no such representation.