# United States Tax Court

T.C. Memo. 2026-14

MOSSY FLATS PROPERTY, LLC, OTEMANU LAND
HOLDINGS, LLC, PARTNERSHIP REPRESENTATIVE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

———————

Docket No. 11538-24.  Filed February 5, 2026.

———————

*Cassandra S. Bradford*, *Cenk A. Erkal*, *Joseph S. O'Brien*, *Stephen Hunter Shelman*, and *Hale E. Sheppard*, for petitioner.

*Andrew Yamanaka Belter*, *Richard J. Hassebrock*, *Matthew T. James*, *Timothy A. Lohrstorfer*, and *Joseph E. Nagy*, for respondent.

## MEMORANDUM OPINION

ARBEIT, *Judge*: Petitioner claimed a charitable contribution deduction for the 2019 tax year related to its donation of a conservation easement. Respondent disallowed the deduction and asserted an imputed underpayment and penalties. Petitioner contests respondent's determination and argues that with respect to the penalties respondent failed to satisfy the supervisory approval requirements of section 6751(b).[1]

Before us is respondent's Motion for Partial Summary Judgment (Motion) on the question of supervisory approval under section 6751(b).

———————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]** Petitioner objects, questioning whether the (purported) supervisor of the revenue agent conducting the examination was in fact his immediate supervisor on the date she approved the penalties. Because petitioner has failed to raise any genuine dispute of material fact, we will grant the Motion.

## *Background*

### I. *In General*

The following facts are based on the parties' pleadings, the Motion, and Petitioner's Opposition to Motion for Partial Summary Judgment. *See* Rule 121(c). The facts are stated solely for purposes of ruling on the Motion and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

Petitioner, Mossy Flats Property, LLC (Mossy Flats), is a Missouri limited liability company treated as a partnership for federal income tax purposes.[2] In the Petition Mossy Flats stated that its principal place of business was in Florida. Absent stipulation to the contrary, appeal of this case would seem to lie to the U.S. Court of Appeals for the Eleventh Circuit. *See* § 7482(b)(1)(E), (2).

In 2018 SRC Property Investors, LLC (SRC), acquired real property in Jefferson Davis Parish, Louisiana. In October 2019 SRC contributed to Mossy Flats approximately 206.3 acres of the real property in exchange for a one-percent membership interest. In December 2019 Mossy Flats granted a conservation easement on 201.3 acres of the real property to the Barn Group Land Trust, Inc.

Petitioner claimed a charitable contribution deduction of $48,181,000 related to its donation of the conservation easement on its 2019 Form 1065, U.S. Return of Partnership Income. The Internal Revenue Service (IRS) later selected that 2019 Form 1065 for examination and assigned as the examiner Revenue Agent Henry J. Macauley (RA Macauley).

On July 31, 2023, the IRS issued to Mossy Flats Letter 5892, Notice of Proposed Partnership Adjustment (NOPPA), which set forth

---

[2] The Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 1101(a), (c)(1), (g), 129 Stat. 584, 625, 638, governs the tax treatment and audit procedures for many partnerships, including Mossy Flats.

[*3] proposed adjustments, including a disallowance of the charitable contribution deduction, an imputed underpayment of $17,826,970, and penalties under sections 6662 and 6662A of $7,104,148. The NOPPA was the first formal communication to petitioner about the penalties.

In May 2024 the IRS issued to Mossy Flats Letter 5933–A, Notice of Final Partnership Adjustment (FPA), disallowing the charitable contribution deduction and determining the same imputed underpayment and penalties as in the NOPPA. Mossy Flats then petitioned the Court, disputing the imputed underpayment and the penalties and alleging that respondent failed to comply with section 6751(b). In response respondent filed the Motion, moving for partial summary judgment on penalty approval under section 6751(b).[3]

II.     *Penalty Approval*

RA Macauley made the initial determination to assert a gross valuation misstatement penalty under section 6662(h) and, alternatively, penalties for negligence, a substantial understatement, and a substantial valuation misstatement under subsections (c), (d), and (e), respectively, of section 6662. He documented his decision to assert penalties on a Penalty Lead Sheet. He also kept an Examining Officer's Activity Record (activity record) that includes over a hundred entries describing the tasks he performed from June 3, 2021, to May 11, 2023.

On April 2, 2023, Supervisory Revenue Agent Andrea Breece (SRA Breece) digitally affixed her signature to the Penalty Lead Sheet (penalty approval form). Beneath her digital signature SRA Breece's title is given as "Team Manager – Group 1244." On the penalty approval form SRA Breece is described as the "immediate supervisor" of RA Macauley. And in their sworn declarations under penalty of perjury SRA Breece and RA Macauley averred that on April 2, 2023, SRA Breece was the immediate supervisor of RA Macauley.

SRA Breece and RA Macauley also declared that in January 2024 Supervisory Revenue Agent Steven W. Johnson (SRA Johnson) took over SRA Breece's supervisory duties in an acting capacity and became RA Macauley's immediate supervisor. RA Macauley attached to his sworn declaration a document (team list), generated on July 18, 2024, listing SRA Johnson as his immediate supervisor. RA Macauley stated that during the examination SRA Johnson "from time to time" acted for

---

[3] In the Motion respondent concedes the section 6662A penalty. Accordingly we consider only the penalties under section 6662.

[*4] SRA Breece. RA Macauley's activity record lists various team members, including SRA Breece—first identified as "Team Manager" in the entry for April 12, 2023—but does not name SRA Johnson. No evidence in the record suggests that SRA Johnson was RA Macauley's immediate supervisor on April 2, 2023, and RA Macauley averred that SRA Johnson did not supervise him at the time of penalty approval.

*Discussion*

I.      *Summary Judgment Standard*

Summary judgment may be granted where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 121(a)(2); *see also Sundstrand Corp.*, 98 T.C. at 520. Facts are viewed in the light most favorable to the nonmoving party. *Dahlstrom v. Commissioner*, 85 T.C. 812, 821 (1985). The nonmoving party may not rest on mere allegations or denials but rather must respond, setting forth specific facts and supporting those facts as required by our Rules, to show that there is a genuine dispute for trial. Rule 121(d); *see Sundstrand Corp.*, 98 T.C. at 520.

II.     *Burden of Production*

Although the Commissioner does not bear a burden of production with respect to penalties in a partnership-level proceeding, a partnership may raise section 6751(b) as an affirmative defense. *See Dynamo Holdings Ltd. P'ship v. Commissioner*, 150 T.C. 224, 236–37 (2018); *Sparta Pink Prop., LLC v. Commissioner*, T.C. Memo. 2022-88, at *6 n.4. At that time the Commissioner must produce evidence that the IRS complied with section 6751(b). *See Dynamo Holdings*, 150 T.C. at 237; *see also Sparta Pink*, T.C. Memo. 2022-88, at *6; *Endeavor Partners Fund, LLC v. Commissioner*, T.C. Memo. 2018-96, at *64–65, *aff'd*, 943 F.3d 464 (D.C. Cir. 2019). Once the Commissioner introduces evidence sufficient to demonstrate that the IRS obtained timely, written supervisory approval, the partnership must show that the approval failed to satisfy section 6751(b). *See Sparta Pink*, T.C. Memo. 2022-88, at *6 (citing *Frost v. Commissioner*, 154 T.C. 23, 35 (2020)).

Petitioner raised section 6751(b) as an affirmative defense in its Petition. Attached to the Motion respondent has provided the penalty approval form and the sworn declarations of RA Macauley and SRA Breece. All reflect that SRA Breece was the immediate supervisor of RA Macauley when she approved the penalties on April 2, 2023. The

**[\*5]** burden is thus on petitioner to demonstrate a genuine dispute of material fact. *See Sparta Pink*, T.C. Memo. 2022-88, at \*7.

III.     *Penalty Approval Under Section 6751(b)*

Section 6751(b)(1) provides that "[n]o penalty . . . shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination."

Petitioner's only objection is to question whether SRA Breece was the immediate supervisor of RA Macauley when she signed the penalty approval form on April 2, 2023. Petitioner points to three main facts. First, RA Macauley lists in his activity record at least four managers (including SRA Breece). Second, SRA Breece is first identified as "Team Manager" in the entry for April 12, 2023, which is ten days after she signed the penalty approval form on April 2, 2023. Third, RA Macauley attached to his sworn declaration a team list showing SRA Johnson as his immediate supervisor.

Finally, petitioner claims that the declarations from RA Macauley and SRA Breece are self-serving and inadmissible under Rules 121(c)(4) and 143(a). According to petitioner, the declarations are "out-of-court statements offered for the truth of the matter" and so are "inadmissible hearsay" under Rules 801 and 802 of the Federal Rules of Evidence (Fed. R. Evid.).

IV.     *Section 6751(b) Analysis*

    A.     *Immediate Supervisor*

Petitioner argues that throughout the examination RA Macauley had various supervisors. But that alone is simply not enough to create doubt that SRA Breece was his immediate supervisor when she signed the penalty approval form. *See Belair Woods, LLC v. Commissioner*, 154 T.C. 1, 17 (2020) (finding that having a "different supervisor earlier in the examination is inconsequential" as "a fact of life in the IRS . . . [is] that staff members change jobs, are reassigned, or retire"); *Park Lake II, LLC v. Commissioner*, T.C. Memo. 2025-11, at \*8 ("The fact that [a revenue agent] may have had a different supervisor earlier or later in the examination is inconsequential.").

Second, petitioner argues that SRA Breece appears in the activity record only on April 12, 2023, ten days after she signed the penalty

[*6] approval form. Further there is no reference in the activity record to the signing of the penalty approval form on April 2, 2023. Petitioner sees this silence as creating doubt. But in the absence of other evidence the reference on April 12 would seem not to undermine but to corroborate the declarations of SRA Breece and RA Macauley that on April 2 the former was the immediate supervisor of the latter.

Third, petitioner argues that RA Macauley attached to his sworn declaration a document listing SRA Johnson as his immediate supervisor. But that document was generated in July 2024, more than six months after SRA Johnson became RA Macauley's immediate supervisor in January 2024, and "well after penalty determination, approval, and communication."

The record shows that SRA Breece was RA Macauley's immediate supervisor on April 2, 2023, when she approved his initial determination to assert penalties against Mossy Flats. SRA Breece's signature appears on the penalty approval form, where her title is listed as "Team Manager – Group 1244." And both RA Macauley and SRA Breece averred under penalty of perjury that SRA Breece was RA Macauley's immediate supervisor. Petitioner has failed to show there is a genuine dispute for trial. *See Sand Valley Holdings, LLC v. Commissioner*, T.C. Memo. 2025-74, at *6 (citing *Sand Inv. Co. v. Commissioner*, 157 T.C. 136, 142 (2021)); *Sparta Pink*, T.C. Memo. 2022-88, at *8 (holding that taxpayer "set forth no 'specific facts' to dispute the existence or timeliness" of supervisor's signature); *see also Jefferson Prop. Holdings, LLC v. Commissioner*, T.C. Memo. 2025-75, at *7 (similar); *Ivey Branch Holdings, LLC v. Commissioner*, T.C. Memo. 2025-63, at *8 (similar); *Park Lake II*, T.C. Memo. 2025-11, at *8 ("Once again, [the taxpayer] vainly probes for a dispute of material fact [regarding supervisory approval].").

B.    *Evidence of Supervisory Approval*

Petitioner's assertion that respondent failed to produce evidence to demonstrate that SRA Breece was RA Macauley's immediate supervisor on April 2, 2023, is contrary to the Court's precedent. We have repeatedly stated that a group manager's signature on a penalty approval form, without more, satisfies the requirement of section 6751(b)(1). *Sparta Pink*, T.C. Memo. 2022-88, at *7–8 (citing *Belair Woods*, 154 T.C. at 17); *Raifman v. Commissioner*, T.C. Memo. 2018-101, at *61 ("The written supervisory approval requirement of section 6751(b)(1) requires just that: written supervisory approval.").

**[\*7]** Respondent has established compliance with section 6751(b)(1) by introducing the penalty approval form. *See, e.g.*, *Frost*, 154 T.C. at 35 (concluding that evidence of written penalty approval was sufficient to satisfy the Commissioner's initial burden of production); *Patel v. Commissioner*, T.C. Memo. 2020-133, at \*22 (refusing to "look behind the civil penalty approval form").

Further, petitioner provides no explanation for its assertion that the declarations are inadmissible under Rules 121(c)(4) and 143(a). In fact the declarations appear entirely consistent with Rule 121(c)(4), which provides that declarations used to support a summary judgment motion must (1) be made on personal knowledge, (2) set out facts that would be admissible in evidence, and (3) show that the declarant is competent to testify on the matters stated. (Rule 143(a) simply provides that trials before the Court are conducted in accordance with the Federal Rules of Evidence.)

Generally IRS records are admissible because they qualify as business records under Fed. R. Evid. 803(6).[4] *See, e.g.*, *Raifman*, T.C. Memo. 2018-101, at \*59 n.44 (holding that the penalty approval form is admissible as it meets the business record exception under Fed. R. Evid. 803(6) (citing *Clough v. Commissioner*, 119 T.C. 183, 190–91 (2002))). Declarations of IRS employees prepared in the course of litigation are frequently admitted as evidence to authenticate IRS records. *Clough*, 119 T.C. at 190–91 (considering as evidence IRS employee's declaration used to authenticate IRS records "prepared and retained by [the IRS] in the normal course of operations"); *see also River Moss Prop., LLC v. Commissioner*, T.C. Memo. 2025-79, at \*7–8; *Sand Valley*, T.C. Memo. 2025-74, at \*6–7; *Sparta Pink*, T.C. Memo. 2022-88, at \*7.

While dismissing the declarations as "self-serving," petitioner offers little to support its position. "Such speculation is not enough to establish a genuine dispute of material fact." *Jefferson Prop.*, T.C.

---

[4] Fed. R. Evid. 803(6) provides that "[a] record of an act, event, condition, opinion, or diagnosis" is not excluded by the rule against hearsay if the proponent establishes all the following requirements:

> (A) the record was made at or near the time by . . . someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business . . . ; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification . . . ; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

**[*8]** Memo. 2025-75, at *7 (citing Rule 121(d)). This Court has regularly decided section 6751(b)(1) questions on summary judgment on the basis of IRS records and declarations from relevant IRS employees. *See, e.g.*, *Sand Inv.*, 157 T.C. at 137, 140–42 (granting motion based on a penalty approval form); *Sand Valley*, T.C. Memo. 2025-74, at *6, *10 (granting motion based on penalty approval form and declarations from revenue agent and supervisor); *see also River Moss Prop.*, T.C. Memo. 2025-79, at *5, 8 (same); *Jefferson Prop.*, T.C. Memo. 2025-75, at *5, *8 (same); *Ivey Branch*, T.C. Memo. 2025-63, at *8–9 (same); *Park Lake II*, T.C. Memo. 2025-11, at *7–8 (same). And the Court has declined to allow cross-examination of agents and supervisors "absent some irregularity in the documentary record." *Sand Valley*, T.C. Memo. 2025-74, at *10; *see also Raifman*, T.C. Memo. 2018-101, at *60–61 (finding that cross-examination would be immaterial and irrelevant to deciding whether the Commissioner satisfied section 6751(b)).

V.    *Conclusion*

Respondent has met the requirements of section 6751(b). The record reflects that on April 2, 2023, when she signed the penalty approval form, SRA Breece was the immediate supervisor of RA Macauley. Because petitioner has failed to show a genuine dispute of material fact, we will grant respondent's Motion.

To reflect the foregoing,

*An order will be issued granting respondent's Motion for Partial Summary Judgment.*