**Lillian N. WILSON, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 72–1766.

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 31, 1973.

Certiorari Denied June 18, 1973.

See 93 S.Ct. 3014.

defendant and his counsel. Its accuracy is not disputed.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

William J. Beiswanger, Palm Beach, Fla., for petitioner-appellant.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., Lee H. Henkel, Jr., Acting Chief Counsel, William D. Brackett, Atty., Internal Revenue Service, Washington, D. C., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

## ON PETITION FOR REHEARING

PER CURIAM:

The opinion of this court dated August 11, 1972, 464 F.2d 603, is withdrawn and the following opinion is adopted as the opinion of the court.

Mrs. Lillian Wilson appeals from a decision of the Tax Court which dismissed her case for failure to prosecute and adjudged her jointly liable for the income tax deficiencies of her now deceased husband. It is undisputed that Mrs. Wilson earned no income for the tax years in question, 1960–63, and that neither she nor her husband filed any returns for those years.

On September 11, 1968, the Commissioner issued a joint statutory notice for alleged deficiencies in the subject tax years. On December 11, 1968, Mr. and Mrs. Wilson both executed and filed in the Tax Court a petition for a redetermination of these deficiencies. Then on October 14, 1970, Mr. Wilson signed a proposed settlement decision. An order was entered requiring Mrs. Wilson to

show cause why the petition should not be dismissed as to her for failure to prosecute and why a decision should not be entered against her to reflect the same deficiencies in tax as agreed to by her husband. After Mrs. Wilson failed to respond, the Tax Court, on November 25, 1970, entered its order of dismissal and decision. On January 10, 1971 Mr. Wilson died. On February 23, 1972, some 15 months after the Tax Court's decision, Mrs. Wilson sought leave of that court to file a motion to vacate and for a new trial. On the same day, the Tax Court granted leave to file but denied the substantive relief sought by the motions. The instant petition for review was filed on March 6, 1972.

■ Our jurisdiction of this appeal is questioned by the Commissioner. 26 U.S.C.A. § 7483 (1967) provides that a petition for review must be filed within 3 months of the decision. Under F.R.A.P. 13(a), the 3 months may be extended where there has been a timely motion to vacate. The 3 months commences to run when the motion is adjudicated. Since the Tax Court accepted and acted upon the substance of this motion, we hold it timely filed. The 3 months began to run on February 23, 1972 and not on November 25, 1970. Thus, the petition for review was timely filed, and we have jurisdiction of this appeal.

■ Proceeding to the merits, Mrs. Wilson first argues that the joint statutory notice of deficiency was patently defective on its face because under 26 U.S.C.A. § 6212(b)(2) (1967) it could not be issued unless a joint return had been filed. We hold, however, that her joinder in filing of the petition for rede-

termination of the deficiencies set out in the joint notice operated to vitiate this objection. The filing of the petition fully acknowledged that the purpose of the deficiency notice, which is to give the taxpayer notice that a deficiency has been assessed and give him an opportunity to have the assessment reviewed by the Tax Court, was accomplished. Sorrentino v. Ross, 425 F.2d 213 (5th Cir. 1970.)[1]

■ Finally, Mrs. Wilson argues that her due process rights were violated since she received no notice of the Tax Court proceedings until June 23, 1971 when she received a copy of the Final Notice Before Seizure. It is undisputed that all correspondence from the Commissioner and the Tax Court was jointly addressed and mailed to the marital domicile.

Mrs. Wilson never appeared for any of the proceedings. She contends that she never saw any of the correspondence because her husband always intercepted the mail, and he never told her anything about their tax troubles. She admits she signed the petition for redetermination but states that she signed at the instigation of her husband without being told the nature of the document and without reading it. The notarized affidavit on the last page of the petition states that Mr. and Mrs. Wilson have read the petition and are familiar with its statements. We reject her disavowal and hold that the signing of the petition evinces that Mrs. Wilson was supplied with sufficient notice, which Mrs. Wilson's own inaction and the actions of an overly solicitous husband cannot subvert.

The judgment of the Tax Court is

Affirmed.

---

1. On this appeal Mrs. Wilson claims that there is no basis for holding her jointly liable with her husband since she earned no income during the years in question and filed no joint return therefor. Since this issue was not timely raised in the Tax Court, this court will not consider this argument on appeal. United States v. Hall, 440 F.2d 1277 (5th Cir. 1971); D. H. Overmyer Co. v. Loflin, 440 F.2d 1213 (5th Cir.), cert. denied, 404 U.S. 851, 92 S.Ct. 87, 30 L.Ed.2d 90 (1971); Cliff Food Stores, Inc. v. Kroger, Inc., 417 F.2d 203 (5th Cir. 1969).