IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-60684
_____

JAMES A ROCHELLE

Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent - Appellee

_____

Appeal from the United States Tax Court
_____

June 4, 2002

Before KING, Chief Judge, and PARKER and CLEMENT, Circuit Judges.

PER CURIAM:

The Commissioner of Internal Revenue issued a statutory notice of deficiency to the taxpayer, James A. Rochelle, determining federal income tax deficiencies for 1995 and 1996, together with accuracy-related penalties. The notice showed the mailing date, but failed to show, under the appropriate heading, the last day to file a petition with the United States Tax Court. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 3463(a), 112 Stat. 685, 767 (requiring each notice of deficiency to include "the last day on which the taxpayer may file a petition with the Tax Court"). The

notice did, however, set out clearly the fact that if the taxpayer wanted to contest the deficiency in court before making any payment, he had ninety days from the mailing date to file a petition with the Tax Court. The fact that the court could not consider his case if his petition was filed late was not only set out clearly in the notice but underscored. The notice also contained the name and telephone number of an Internal Revenue Service person to contact. The taxpayer mailed his petition for redetermination 143 days after the mailing date, and it was filed with the Tax Court three days later, well after the expiration of the ninety-day period. Both the taxpayer and the Commissioner moved to dismiss the case for lack of jurisdiction, the taxpayer on the basis that the notice of deficiency was invalid because it lacked the petition date and the Commissioner on the basis that the petition was not filed within the ninety-day period prescribed by I.R.C. § 6213(a) (1994). The Tax Court, in a reviewed opinion, granted the Commissioner's motion to dismiss and denied the taxpayer's motion. Rochelle v. Comm'r, 116 T.C. 356 (2001). We agree with the Tax Court for the reasons set out in Judge Vasquez's excellent opinion (concurred in by nine other judges), which we adopt. Id. Accordingly, the judgment of the Tax Court is AFFIRMED.