T.C. Memo. 2003-29


UNITED STATES TAX COURT


MARY LOU AND ALLEN E. JONES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3965-02L.                    Filed February 6, 2003.


        On Dec. 18, 2001, R mailed to Ps separate,
identical Notices of Determination Concerning
Collection Action(s) Under Sec. 6320 and/or 6330,
I.R.C.  In addition to the Dec. 18, 2001, date stamped
next to the word "Date", each notice was stamped "FEB
16 2002", in the immediate proximity of the words "in
re:  Due Process Appeal (Tax Court)".  More than 30
days after the Dec. 18, 2001, mailing date of the
notices, Ps filed a petition with the Tax Court seeking
judicial review of the determination.  R moved to
dismiss the petition for lack of jurisdiction on the
ground that the petition was not filed within the 30-
day period prescribed in sec. 6330(d)(1)(A), I.R.C.

        <u>Held</u>:  Because Ps failed to file their petition
within 30 days of the notices of adverse determination,
the petition is dismissed for lack of jurisdiction.

Allen E. Jones, for petitioners.

A. Gary Begun, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, Judge:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction (the motion).  Petitioners object.  Respondent's grounds are that the petition was not filed within the time prescribed by section 6330(d)(1)(A).  An evidentiary hearing was held in Detroit, Michigan, on June 10, 2002, at which testimony was taken and other evidence was received.  On the basis of the evidence, and for the reasons that follow, we shall grant the motion.

Unless otherwise indicated, all section references are to the Internal Revenue Code presently in effect, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

At the time the petition was filed, petitioners, husband and wife, resided in Deckerville, Michigan.

On December 18, 2001, the Internal Revenue Service Appeals Office in Detroit, Michigan, mailed to each petitioner a "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330", which notices (the notices) are identical except for name and salutation.  The notices concern petitioners' unpaid joint Federal income tax liabilities for 1995 and 1996.

The notices were sent to petitioners by certified mail, and petitioner wife signed for each on December 20, 2001.

Each notice was date stamped "DEC 18 2001" in the upper left hand corner next to the word "Date". Vertically listed in the upper right hand corner of each notice were various items of information, including information regarding the person to contact at the Internal Revenue Service and a telephone number to call. The last item was the subject matter of the notice: "In Re: Due Process Appeal (Tax Court)". Each notice bore a second date stamp, "FEB 16 2002", immediately under or next to that last information item. Each notice also contained the following sentence (comprising a separate paragraph) in the body of the notice:

> If you want to dispute this determination in court, you must file a petition with the United States Tax Court for a redetermination within 30 days from the date of this letter.

Each notice also contained the following language:

> The time limit for filing your petition is fixed by law. The courts cannot consider your case if you file late. * * *

Petitioners waited until January 23, 2002, to inquire about the significance of the two dates stamped on the notices. On that date, petitioner husband inquired of Appeals Officer Dianne Villa about such significance. Ms. Villa informed him that he had only 30 days from the date of the notices to appeal to the Tax Court and that the February 16 date was probably an internal

follow up date inadvertently placed on the notices by respondent's records unit (which fact Ms. Villa later confirmed).

On February 19, 2002, the Court received and filed a petition dated February 15, 2002, in which petitioners seek review of respondent's determination, which they identify in the petition as "the Notice of Determination dated 2-16-2002".

OPINION

I.  Introduction

Section 6330 accords taxpayers the right to notice and the opportunity for a hearing before the Commissioner can proceed with the collection of taxes by way of a levy on property or rights to property.  Sec. 6330(a).  The hearing is to be held by the Internal Revenue Service Appeals Office.  Sec. 6330(b)(1).  When the Appeals Office issues a determination letter to the taxpayer following the required hearing, section 6330(d)(1) provides that the taxpayer has 30 days following the issuance of such determination letter to file a petition for review with the Tax Court or, if the Tax Court lacks jurisdiction over the underlying tax liability, with a Federal District Court.  This Court's jurisdiction under section 6330(d) is dependent upon the issuance of a valid determination letter and the filing of a timely petition for review.  Rule 330(b); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

There is no question that the petition was not filed within the 30-day period prescribed by section 6330(d)(1) for requesting judicial review of an adverse determination made under section 6330. On that basis, respondent asks that we grant the motion. Petitioners object, and they ask us to deny the motion on the basis that they "justifiably relied upon the [February 16] date clearly marked on Respondent's Notice of Determination". In support of their objection, petitioners argue that the February 16 date is "located in the same general area and format as other letters and notices issued by Respondent". To illustrate their point, they attach to their brief a copy of a notice of deficiency where, in the upper right hand corner, a date appears under the words "Last Date to Petition Tax Court".

II. Discussion

While we question our authority to lengthen the period fixed by section 6330(d)(1), see discussion infra, we first address petitioners' claim that the equities of the situation favor them.

The notices were mailed and clearly dated December 18, 2001, and were received by petitioners on December 20, 2001. Moreover, the notices specifically warned that any petition for a redetermination must be filed "within 30 days from the date of this letter" and that "[t]he courts cannot consider your case if you file late." Although, on a notice of deficiency, a second date (in addition to the "Letter Date") appears under the words

"Last Date to Petition the Tax Court", here the second date appeared in close proximity to the words "In Re:  Due Process Appeal (Tax Court)".  A determination letter triggering a taxpayer's right to appeal to the Tax Court pursuant to section 6330(d)(1), unlike a notice of deficiency triggering a taxpayer's right to petition the Tax Court to redetermine a deficiency pursuant to section 6213(a), need not show the last day on which the taxpayer may file an appeal.  Cf. Rochelle v. Commissioner, 116 T.C. 356 (2001), affd. 293 F.3d 740 (5th Cir. 2002).  Although the appearance of the February 16 date may have been confusing to the petitioners, we disagree with their characterization of such date as demonstrating that "[t]he Notice on its face clearly states that the Due Process Appeal to the Tax Court is [due] February 16, 2002."  The Notices do no such thing, particularly in light of their clear admonition that, to be effective, the petition must be filed with the Tax Court within 30 days "from the date of this letter."

When they received the notices, on December 20, 2001, petitioners had 28 days in which to either clarify that the 30-day period ran from December 18, or file a protective petition with this Court pending later clarification of the due date.  Instead, they waited until January 23, 6 days after the 30-day period had expired, to seek clarification.  Under the circumstances, the equities of the situation do not favor them.

We agree with respondent that "petitioners' allegations that they relied upon the second date stamp of 'February 16, 2002' are self-serving and lack merit when viewed under the totality of circumstances".

Moreover, statutory periods are jurisdictional and cannot be extended.  McCune v. Commissioner, 115 T.C. 114, 117 (2002); Joannou v. Commissioner, 33 T.C. 868, 869 (1960).  See also In re Smith v. United States, 96 F.3d 800, 802 (6th Cir. 1996), in which the Court of Appeals for the Sixth Circuit (the court to which an appeal from this decision would lie) noted that it has been "rather consistent in denying 'equitable' pleas to disregard the strict timing rules of the Tax * * * [Code]", and United States v. Brockamp, 519 U.S. 347 (1997), in which the Supreme Court refused to permit equitable tolling of the limitations period on income tax refund claims.  Here, there is no basis to even consider whether equitable relief might be appropriate.  The notices were clearly dated December 18, 2001, and were received by petitioners on December 20, 2001.  Petitioners could have resolved any confusion that might have been caused by the February 16, 2002, date stamp simply by contacting the Internal Revenue Service upon their receipt of the notices, or during the ensuing 28-day period, at the contact telephone number provided on the notices themselves.  Their failure to do so has resulted

in an untimely petition and a resulting inability to invoke the jurisdiction of this Court under section 6330(d).

III.  Conclusion

Because of petitioners' failure timely to file a petition, we have no jurisdiction to review the notices.

To reflect the foregoing,

An appropriate order of dismissal for lack of jurisdiction will be entered.