T.C. Summary Opinion 2011-115

UNITED STATES TAX COURT

JUAN COLON AND NATALY VELAZQUEZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27169-09S.                    Filed September 28, 2011.

<u>Frank M. Schuler</u> and <u>Michael L. Boman</u>, for petitioner Juan Colon.

<u>Jessica C. Piedra</u>, for petitioner Nataly Velazquez.

<u>Charles J. Graves</u>, for respondent.

WELLS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and Rule references
(continued...)

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This case is before the Court on petitioner Juan Colon's motion for partial summary judgment pursuant to Rule 121. The sole issue we must decide here is whether respondent's issuance of a joint notice of deficiency bars him from determining that petitioners are not married.

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of facts are incorporated in this opinion by reference and are found accordingly. At the time they filed their petition, petitioners Juan Colon (Mr. Colon) and Nataly Velazquez (Ms. Velazquez) were residents of Kansas.

Mr. Colon timely filed a Form 1040, U.S. Individual Income Tax Return, for his 2008 tax year. On February 16, 2009, Mr. Colon was issued a tax refund of $971. On May 18, 2009, Mr. Colon and Ms. Velazquez timely filed a Form 1040X, Amended U.S. Individual Income Tax Return, for their 2008 tax year. On that Form 1040X, Mr. Colon and Ms. Velazquez claimed the filing status "married filing jointly".

---

[1](...continued)
are to the Tax Court Rules of Practice and Procedure.

Respondent processed the Form 1040X and timely mailed a joint notice of deficiency addressed to both Mr. Colon and Ms. Velazquez on August 18, 2009. The notice of deficiency determined that Mr. Colon and Ms. Velazquez were not eligible to file as married filing jointly because they were not married at the close of the tax year. Respondent therefore determined their taxes using the rates that apply to single individuals.

Mr. Colon filed another Form 1040X, which respondent received on August 28, 2009. Respondent did not process that return.

Petitioners timely filed a joint petition with this Court.

## Discussion

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if no genuine issue exists as to any material fact and the issues presented by the motion may be decided as a matter of law. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

Mr. Colon has moved for partial summary judgment on the issue of whether he is entitled to file a joint return with Ms. Velazquez. Mr. Colon contends that, because respondent issued a joint notice of deficiency to him and Ms. Velazquez, respondent should be barred from determining, in that joint notice of

deficiency, that Mr. Colon is not married.  Respondent concedes that separate notices of deficiency should have been issued to Mr. Colon and Ms. Velazquez.  However, respondent contends that Mr. Colon's argument that respondent should be bound by his issuance of a joint notice of deficiency is contrary to the intent of sections 6212 and 6213.

Partial summary judgment on this issue is appropriate because the relevant facts are not in dispute and the parties' disagreement is a matter of law.

Section 6013(a) provides that a "husband and wife may make a single return jointly of income taxes".  We have held that section 6013 limits the benefits of joint filing to married couples.  See Lee v. Commissioner, 64 T.C. 552, 560 (1975), affd. 550 F.2d 1201 (9th Cir. 1977); Von Tersch v. Commissioner, 47 T.C. 415, 420-421 (1967).  The Commissioner has the right and the obligation to determine whether a man and woman filing a joint return are legally married.  Untermann v. Commissioner, 38 T.C. 93, 95 (1962); Gersten v. Commissioner, 28 T.C. 756, 770 (1957), affd. in part and remanded in part on other grounds 267 F.2d 195 (9th Cir. 1959).  If the Commissioner properly determines that such individuals are not legally married, then those individuals are not entitled to file a joint return.  Lee v. Commissioner, supra at 560; Von Tersch v. Commissioner, supra at 420-421; Gersten v. Commissioner, supra at 771.  As part of the deficiency

proceeding, a taxpayer is entitled to challenge the Commissioner's determination regarding the appropriate filing status for the taxpayer. Millsap v. Commissioner, 91 T.C. 926, 936 (1988). "The filing status election is no different from any other adjustment that goes into the determination of a deficiency under section 6211 et seq." Id.

Section 6212(a) provides that if the Commissioner determines a deficiency in income tax, "he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." The notice of deficiency "shall be sufficient" if mailed to the taxpayer at his last known address, unless the Commissioner has been properly notified that a fiduciary has been substituted for the taxpayer. Sec. 6212(b)(1). In the case of a joint income tax return, "such notice of deficiency may be a single joint notice" unless the Commissioner has been notified that the spouses have established separate residences. Sec. 6212(b)(2). The provisions of section 6212 were designed to afford a taxpayer actual notice of the Commissioner's determination and an opportunity to litigate the validity of that determination in this Court. Rochelle v. Commissioner, 116 T.C. 356, 360 (2001), affd. 293 F.3d 740 (5th Cir. 2002); McKay v. Commissioner, 89 T.C. 1063, 1067 (1987), affd. 886 F.2d 1237 (9th Cir. 1989); Mulvania v. Commissioner, 81 T.C. 65 (1983). We therefore repeatedly have held that notices of deficiency are

valid despite minor errors, as long as the taxpayer receives actual notice of the Commissioner's determination in time to file a petition with this Court. See, e.g., Rochelle v. Commissioner, supra at 360; Frieling v. Commissioner, 81 T.C. 42, 53 (1983); see also Scheidt v. Commissioner, 967 F.2d 1448, 1450-1451 (10th Cir. 1992), affg. T.C. Memo. 1985-235.

Although that line of cases does not directly address Mr. Colon's contention, it is instructive insofar as it shows that the primary purpose of the notice of deficiency is to provide the taxpayer with timely notice of the Commissioner's determination. Section 7522 provides further elaboration regarding the required content of the notice of deficiency. Section 7522 requires that the notice "describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties included in such notice." Sec. 7522(a). According to section 7522, the notice of deficiency must provide the taxpayer with notice of the Commissioner's basis for determining that deficiency. Cadwell v. Commissioner, 136 T.C. 38, 49 (2011); Shea v. Commissioner, 112 T.C. 183, 196 (1999). The notice must be sufficient to permit the taxpayer to comply with the requirement of Rule 34(b) that the taxpayer make clear and concise assignments of every error alleged against the

Commissioner.[2]  Cadwell v. Commissioner, supra at 49-50; Shea v.
Commissioner, supra at 196-197.  However, even an inadequate
description of the Commissioner's basis in the notice of
deficiency will not invalidate the notice.  Sec. 7522(a).

We decline to accept Mr. Colon's argument that respondent's
issuance of a joint notice of deficiency precludes respondent
from determining that petitioners are not married.  Indeed,
respondent is required to make that determination.  See Gersten
v. Commissioner, supra at 770.

The purpose of the notice of deficiency is to give the
taxpayer notice of the Commissioner's determination and the basis
of that notice so that the taxpayer may timely challenge the
Commissioner's determination in this Court.  See Cadwell v.
Commissioner, supra at 49; Rochelle v. Commissioner, supra at
360.  Mr. Colon received actual notice of respondent's
determination in time to file his petition with this Court.  In

---

[2]Rule 34(b) requires that the petition contain:

    (4) Clear and concise assignments of each and every
error which the petitioner alleges to have been committed by
the Commissioner in the determination of the deficiency or
liability.  The assignments of error shall include issues in
respect of which the burden of proof is on the Commissioner.
Any issue not raised in the assignment of error shall be
deemed to be conceded.  Each assignment of error shall be
separately lettered.

    (5) Clear and concise lettered statements of the facts
on which petitioner bases the assignments of error, except
with respect to those assignments of error as to which the
burden proof is on the Commissioner.

spite of respondent's acknowledged error in issuing a joint notice of deficiency to both Mr. Colon and Ms. Velazquez, the notice of deficiency nevertheless informed Mr. Colon of the basis for respondent's determination.  In his petition, Mr. Colon specifically assigned error to respondent's determination that he was not entitled to file as married filing jointly.  Accordingly, Mr. Colon was in no way prejudiced by respondent's error in issuing a joint notice of deficiency.

Even in cases where the Commissioner raises a new matter in his answer to the taxpayer's petition in this Court, the proper response is not to preclude the Commissioner from asserting that new matter.  Rather, it is to place the burden of proof as to that new matter on the Commissioner.  Rule 142(a); Hurst v. Commissioner, 124 T.C. 16, 30 (2005); Wayne Bolt & Nut Co. v. Commissioner, 93 T.C. 500, 507 (1989).  Because the taxpayer's filing status is no different from any other adjustment that is part of the Commissioner's determination of a deficiency, it should be treated no differently.[3]  See Millsap v. Commissioner, supra at 936.  The burden of proof remains on Mr. Colon because

---

[3]Indeed, we have held that where the Commissioner first asserted in his amended answer that the taxpayer's filing status should be changed, the Commissioner bore the burden of proof on that issue.  See Shackelford v. Commissioner, T.C. Memo. 1995-484.  In that case, the Commissioner determined the taxpayer's filing status was "married filing separate" rather than "single".  That case therefore did not raise the issue of whether the Commissioner was bound by his issuance of a joint notice of deficiency.

the notice of deficiency gave him notice that respondent had determined that his filing status is "single". Respondent's answer did not assert any new matter that was not in the notice of deficiency.

Mr. Colon directs our attention to several cases that he contends provide support for his argument that respondent is precluded from determining that his proper filing status is "single". However, the cases Mr. Colon cites do not support his contention. In Schroeder v. Commissioner, T.C. Memo. 1989-110, the taxpayers failed to file a valid return. In his notice of deficiency, the Commissioner elected to determine the couple's tax liability using joint rates. However, in an amendment to his answer in that case, the Commissioner used separate rates to determine the couple's tax liability. The validity of the couple's marriage was not in issue. We held that the Commissioner's initial election in the notice of deficiency to use joint rates was a binding election. The instant case is distinguishable from that case because the issue here is whether petitioners are legally married, an issue that was not before the Court in Schroeder. Respondent has the duty to determine whether petitioners are legally married, and only legally married couples are entitled to file joint returns. See Lee v. Commissioner, 64 T.C. at 560; Gersten v. Commissioner, 28 T.C. at 770.

In <u>Wilson v. Commissioner</u>, 474 F.2d 600 (5th Cir. 1973), the taxpayer and her late husband failed to file a return and the Commissioner issued a joint notice of deficiency to the couple. The taxpayer contended that the joint notice of deficiency was invalid because, pursuant to section 6212(b)(2), a joint notice of deficiency was appropriate only where the taxpayers had filed a joint income tax return. Because she and her late husband had filed no return, she argued that the joint notice of deficiency was defective on its face. The Court of Appeals rejected the taxpayer's argument, holding that the taxpayer's filing of a petition with the Tax Court vitiated any objection regarding the notice of deficiency. The Court of Appeals stated: "The filing of the petition fully acknowledged that the purpose of the deficiency notice, which is to give the taxpayer notice that a deficiency has been assessed and give him an opportunity to have the assessment reviewed by the Tax Court, was accomplished." <u>Id.</u> at 603. Indeed, the Court of Appeals' holding in <u>Wilson</u> is actually unhelpful to Mr. Colon's contention because it again underscores that the purpose of the notice of deficiency is to give the taxpayer notice of the Commissioner's determination.

Mr. Colon also contends that this Court is not authorized to relieve Ms. Velazquez of joint liability because she filed a joint petition with this Court. Mr. Colon argues that upon the filing of a joint petition, we are authorized to enter decisions

for separate amounts only if we decide a spouse is entitled to relief from joint and several liability pursuant to section 6015 or if we decide one spouse is not liable for the fraud penalty. We disagree.  A taxpayer's filing status is part of the Commissioner's determination that we review.  Taxpayers who are not married are, by law, not entitled to file jointly.  See Lee v. Commissioner, supra at 560; Von Tersch v. Commissioner, 47 T.C. at 420-421.  Accordingly, we are required to review respondent's determination that petitioners are not legally married.

On the basis of the foregoing, we hold that respondent's issuance of a joint notice of deficiency to petitioners does not preclude him from determining that Mr. Colon's proper filing status is "single".  We therefore will deny Mr. Colon's motion for partial summary judgment.

In reaching this holding, we have considered all the parties' arguments, and to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order will

be issued.