T.C. Memo. 2020-33

UNITED STATES TAX COURT

SARA M. THOMAS AND DAVID A. THOMAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5016-18.                    Filed March 11, 2020.

Sara M. Thomas and David A. Thomas, pro sese.

<u>Skyler K. Bradbury</u>, <u>Rebekah A. Myers</u>, <u>Ric D. Hulshoff</u>, and <u>David A. Sorensen</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This matter is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within

[*2] the time prescribed by section 6213(a) or section 7502.[1]  As explained below,

we will grant respondent's motion.

## Background

The following facts are derived from the parties' pleadings, motion papers,

and attached exhibits and declarations.  These facts are stated solely for the

purpose of disposing of the motion and not as findings of fact in this case.  See

Rule 1(b); Fed. R. Civ. P. 52(a); Cook v. Commissioner, 115 T.C. 15, 16 (2000),

aff'd, 269 F.3d 854 (7th Cir. 2001).  Petitioners resided in Nevada when their

petition was filed.

On November 30, 2017, respondent mailed petitioners, by certified mail to

their last known address, a notice of deficiency for tax year 2015.  The notice of

deficiency, dated December 4, 2017,[2] advised petitioners that they had 90 days

from the date of the notice to file a petition in the Tax Court for a redetermination

---

[1]  All section references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure unless otherwise indicated.

[2]  Where the notice of deficiency bears a date later than its actual date of
mailing, it is treated as mailed on the later date for purposes of the 90-day period
for filing a petition with the Court.  See Jones v. Commissioner, T.C. Memo.
1984-171.  Accordingly, we use the date of December 4, 2017, to determine
whether the petition was timely filed.

[*3] of the deficiency. The notice of deficiency also stated that the last day to petition the Tax Court was March 5, 2018.

In response to the notice of deficiency petitioners decided to file a petition seeking redetermination of the deficiency. On March 5, 2018, in anticipation of the mailing of the petition, petitioner wife stamped an envelope using a private postage meter from her employer's office. On that same day she went home and delivered the stamped envelope to her husband. After petitioner husband finished preparing the petition, he placed it in the stamped envelope. Thereafter, on either March 5 or 6, 2018, at a time we do not know, petitioner husband took the petition to a U.S. Postal Service (USPS) office in Fernley, Nevada, where he deposited the petition into a USPS mailbox. The last mail pickup time at that USPS mailbox was ordinarily 5 p.m.

The Court received the petition on Monday, March 12, 2018, 98 days after the date of the notice of deficiency. The envelope in which the petition was mailed is properly addressed to the Tax Court. The envelope is not torn or damaged, and there are no markings indicating that additional postage was due or that the normal delivery of the envelope was delayed. The envelope, however, bears two postmarks. The first postmark is a private postage mark dated March 5,

[*4] 2018.  The second postmark was made by the USPS office and is dated

March 6, 2018.

Respondent filed a motion to dismiss for lack of jurisdiction on the ground

that the petition was not timely filed.  Petitioners objected to this motion and

argued that their petition was timely filed because they mailed the petition to the

Tax Court on March 5, 2018, the last day to petition the Court.  The Court held a

hearing on respondent's motion in Reno, Nevada.[3]

Discussion

This Court is a court of limited jurisdiction and may exercise jurisdiction

only to the extent expressly authorized by Congress.  Naftel v. Commissioner, 85

T.C. 527, 529 (1985); Breman v. Commissioner, 66 T.C. 61, 66 (1976).

"Jurisdiction must be shown affirmatively, and * * * [the taxpayer], as the party

invoking our jurisdiction * * * , bears the burden of proving that we have

jurisdiction over * * * [the] case."  David Dung Le, M.D., Inc. v. Commissioner,

114 T.C. 268, 270 (2000), aff'd, 22 F. App'x 837 (9th Cir. 2001); see Fehrs v.

Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v.

Commissioner, 35 T.C. 177, 180 (1960).  There are two prerequisites to this

---

[3] While the Court held a hearing on the motion, no relevant facts arose
therefrom that would alter our findings derived from the pleadings, motion papers,
and attached exhibits and declarations.

**[\*5]** Court's jurisdiction to redetermine a deficiency: (1) the issuance of a valid notice of deficiency by the Commissioner and (2) the timely filing of a petition with the Court by the taxpayer. See Rule 13(a), (c); Rochelle v. Commissioner, 116 T.C. 356, 358 (2001), aff'd, 293 F.3d 740 (5th Cir. 2002). The parties do not dispute the validity of the notice of deficiency. They disagree as to whether the petition was timely filed with the Court.

Section 6213(a) provides, in the case of a notice addressed to a taxpayer within the United States, that the taxpayer must petition this Court "[w]ithin 90 days * * * after the notice of deficiency * * * is mailed". For petitioners this 90-day period expired on March 5, 2018, which was not a Saturday, Sunday, or legal holiday in the District of Columbia. See sec. 6213(a). The petition, however, was not received and filed by the Court until March 12, 2018. Thus, the petition was not timely filed and respondent's motion must be granted unless the petition is deemed to have been timely filed by virtue of having been timely mailed.

Section 7502(a) provides a "timely mailed, timely filed" rule. A document delivered by U.S. mail is timely mailed if "the postmark date falls * * * on or before the prescribed date" and the document is mailed, on or before that date, in an envelope with "postage prepaid, properly addressed" to the recipient.

**[\*6]** <u>Id.</u> para. (2). If those conditions are met, "the date of the United States postmark stamped on the cover in which such \* \* \* document \* \* \* is mailed shall be deemed to be the date of delivery".[4] <u>Id.</u> para. (1).

In the case of postmarks not made by the USPS, the "timely mailed, timely filed" rule applies only to the extent provided by regulation. <u>Id.</u> subsec. (b). Section 301.7502-1(c)(1)(iii)(B)(<u>1</u>), Proced. & Admin. Regs., imposes two requirements that must be met for the rule to apply when the envelope bears a postmark not made by the USPS. First, the postmark must show a legible date on or before the last day of the prescribed period. <u>Id.</u> subdiv. (iii)(B)(<u>1</u>)(<u>i</u>). And second, the item must have been received within the same amount of time as it would have had it been postmarked at the same point of origin by the USPS on the last day of the prescribed period. <u>Id.</u> subdiv. (iii)(B)(<u>1</u>)(<u>ii</u>). Relying on this section, petitioners argue that they timely mailed their petition because the private

---

[4] Although timely mailing is generally determined by the postmark date, <u>see</u> sec. 7502(a); sec. 301.7502-1(c)(1), Proced. & Admin. Regs., extrinsic evidence is admissible in some situations where a postmark date is either illegible or missing, <u>see</u> <u>Mason v. Commissioner</u>, 68 T.C. 354 (1977); <u>Sylvan v. Commissioner</u>, 65 T.C. 548 (1975). In the instant case the USPS postmark is neither illegible nor missing. Consequently, we do not look at extrinsic evidence to determine the petition's mailing date. <u>Cf.</u> <u>Seely v. Commissioner</u>, T.C. Memo. 2020-6 (allowing extrinsic evidence where the postmark was missing and the parties did not dispute the actual delivery of the petition).

**[*7]** postage meter mark shows the date of March 5, 2018, and because they state petitioner husband placed the petition into a USPS mailbox on that same date.

Respondent argues that section 301.7502-1(c)(1)(iii)(B)(1), Proced. & Admin. Regs., does not apply because the envelope containing the petition bears a USPS postmark dated March 6, 2018, which shows that the petition was mailed one day late. We agree.

Section 301.7502-1(c)(1)(iii)(B)(3), Proced. & Admin. Regs., provides for situations in which a mailpiece has both a USPS postmark and a non-USPS mark. That section provides as follows:

> If the envelope has a postmark made by the U.S. Postal Service in addition to a postmark not so made, the postmark that was not made by the U.S. Postal Service is disregarded, and whether the envelope was mailed in accordance with this paragraph (c)(1)(iii)(B) will be determined solely by applying the rule of paragraph (c)(1)(iii)(A) of this section.

Accordingly, because the envelope containing the petition bears a legible USPS postmark, we must disregard the mark made by the private postage meter. See Malekzad v. Commissioner, 76 T.C. 963, 966-967 (1981) (upholding the validity of an earlier version of section 301.7502-1(c)(1)(iii)(B)(3), Proced. &

[*8] Admin. Regs.,[5] and concluding that a USPS postmark trumps a private postage meter mark as the latter is disregarded pursuant to the operative regulation).

Section 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs., provides:

If the postmark on the envelope is made by the U.S. Postal Service, the postmark must bear a date on or before the last date * * * prescribed for filing the document or making the payment. If the postmark does not bear a date on or before the last date * * * prescribed for filing the document or making the payment, the document or payment is considered not to be timely filed or paid, regardless of when the document or payment is deposited in the mail. Accordingly, the sender who relies upon the applicability of section 7502 assumes the risk that the postmark will bear a date on or before the last date * * * prescribed for filing the document or making the payment. * * *

By using registered or certified mail, the sender can obtain a postmarked receipt from the USPS that is evidence of timely mailing and hence timely filing. See sec. 7502(c); sec. 301.7502-1(c)(2), Proced. & Admin. Regs.; see also sec. 7502(f) (regarding the use of private delivery services).

Petitioners assert that petitioner husband took the petition to the Fernley USPS office on March 5, 2018, and placed it in the mailbox before 5 p.m., the last mail pickup time at that office. The Fernley USPS office, however, postmarked

---

[5] That earlier version was sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. (1981). That section is substantively identical to sec. 301.7502-1(c)(1)(iii)(B)(3), Proced. & Admin. Regs., discussed above in the text.

**[*9]** the envelope on March 6, 2018.  Respondent speculates that the USPS office may have already been closed by the time petitioner husband placed the petition in the mailbox, which may be why the envelope was postmarked the day after the alleged mailing date.  Respondent also notes that had petitioner husband taken the petition to the Reno USPS office the envelope would have been postmarked on that same day because that office postmarks mail pieces until 11:59 p.m.

We follow the guidelines the regulations provide us.  In this instance the regulations instruct us that where the envelope containing the petition bears a legible USPS postmark, the postmark must bear a date on or before the last date prescribed for filing for it to be considered timely filed. See sec. 301.7502 -1(c)(1)(iii)(A), Proced. & Admin. Regs.  Accordingly, even if we were to credit petitioners' assertions that they timely deposited the petition in the mail, the petition is still considered not timely filed because the USPS postmark on the envelope does not bear a date on or before March 5, 2018.  See id.  Further, because petitioners mailed the petition using postage printed through a private postage meter with no request that a certified mail receipt be postmarked by a USPS employee, they are not entitled to any relief under section 301.7502-1(c)(2), Proced. & Admin. Regs.  Accordingly, the Court lacks jurisdiction under sections

**[\*10]** 6213(a) and 7502 to redetermine the deficiency, and we are obliged to grant respondent's motion to dismiss.

Despite our holding, petitioners may still be able to have their day in court by paying the determined amount, filing a claim for refund, and then (if the claim is denied or not acted on within six months) bringing a suit for refund in the appropriate Federal court. See McCormick v. Commissioner, 55 T.C. 138, 142 n.5 (1970); see also Weber v. Commissioner, 138 T.C. 348, 366-367 (2012).

We have considered all other arguments made by the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

An appropriate order of dismissal for lack of jurisdiction will be entered.