T.C. Summary Opinion 2009-198


UNITED STATES TAX COURT



DONALD A. BENZIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7811-09S.              Filed December 28, 2009.



Donald A. Benzin, pro se.

John M. Janusz and Crystal-Lyn Orta, for respondent.


ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

    [1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for 2007 of $1,028. The sole issue for decision is whether payments made by petitioner to his former wife in 2007 are deductible as alimony under section 215. We hold that they are not.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts, supplemental stipulation of facts, and accompanying exhibits. Petitioner resided in the State of New York when the petition was filed.

Petitioner and Judith Benzin (Ms. Benzin) married in 1989. During the marriage, petitioner contributed to a pension plan maintained by his employer, the U.S. Postal Service (USPS).

Petitioner and Ms. Benzin were granted a divorce on September 13, 2001, pursuant to a Judgment of Divorce (Judgment) issued by the State of New York Supreme Court, County of Erie. The Judgment states, in part, that "all of the marital assets have been divided in accordance with the terms of the Oral Stipulation Agreement dated June 15, 2001". The Oral Stipulation Agreement (Agreement) was incorporated into the Judgment. The

Agreement states, in part, "that neither party shall be obligated to pay maintenance to the other party."

Petitioner retired in November 2006 and started receiving distributions from his USPS pension plan in December 2006. Beginning in December 2006, petitioner sent to Ms. Benzin a check for $475 per month and did so for each month in 2007.

On his 2007 Federal income tax return petitioner claimed a deduction of $6,845 for "alimony paid" to Ms. Benzin.[2]

In a notice of deficiency, respondent determined the payments were not alimony and therefore disallowed the claimed deduction.

The parties' stipulation of facts includes an untitled single-page document, which has a page number on it indicating that it is page 2 of a multipage document. One paragraph of this document reads as follows:

> **ORDERED,** that the Defendant, DONALD BENZIN, shall pay to the Plaintiff, JUDITH BENZIN, the sum of $475.00 per month, as a projected calculation of the Plaintiff's interest in the Defendant's pension with the United States Postal Service, at such time as the Defendant begins to receive his pension * * *[.]

Respondent reserved an objection to this document on the basis of the best evidence rule.

---

[2] Although petitioner claimed a deduction of $6,845 for "alimony paid" in 2007, it was clarified at trial that the Court would only consider whether $5,700 ($475 per month for 12 months) constituted "alimony paid". The additional $1,145 was on account of a debt petitioner owed to Ms. Benzin.

## Discussion

### A.  Evidentiary Matters

In general, the Court conducts trials in accordance with the rules of evidence for trials without a jury in the U.S. District Court for the District of Columbia and accordingly follows the Federal Rules of Evidence.  Sec. 7453; Rule 143(a); Clough v. Commissioner, 119 T.C. 183, 188 (2002).  However, Rule 174(b) and section 7453 carve out an exception for trials of small tax cases.  Under this exception, the Court conducts small tax cases as informally as possible consistent with orderly procedure and "any evidence deemed by the Court to have probative value shall be admissible."  Rule 174(b); Schwartz v. Commissioner, 128 T.C. 6, 7 (2007).

The untitled single-page document stipulated by the parties and to which respondent reserved an objection is incomplete and was not explained by petitioner at trial.  The document raises more questions than it provides answers.  Therefore, respondent's objection is sustained on the basis that the document is not probative.  See Rule 174(b).

### B.  Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative

grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability. Petitioner has not alleged that section 7491 applies nor otherwise satisfied the requirements of that section; therefore, the burden of proof remains on petitioner.

C. Alimony Deduction

Generally, property settlements or equitable divisions of marital property incident to a divorce are not taxable events and do not give rise to a deduction. Sec. 1041; Estate of Goldman v. Commissioner, 112 T.C. 317, 322 (1999), affd. without published opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000). On the other hand, payments made or received as alimony or separate maintenance generally are deductible by the payor spouse under section 215(a) and includable in the gross income of the payee spouse under sections 61(a)(8) and 71.

Section 215(b) defines an alimony or separate maintenance payment as a payment which is includable in the gross income of the recipient under section 71. Section 71(b)(1) provides a

four-step inquiry for determining whether a payment is alimony or separate maintenance.  Section 71(b)(1) provides:

> SEC. 71(b)(1).  Alimony or Separate Maintenance Payments Defined.--For purposes of this section--
>
>> (1)  In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
>>
>>> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>>>
>>> (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income * * * and not allowable as a deduction under section 215,
>>>
>>> (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
>>>
>>> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Payments are deductible as alimony only if all four requirements of section 71(b)(1) are met.

Under subparagraph (A) of section 71(b)(1), alimony or separate maintenance must be received pursuant to a divorce or separation instrument.  According to section 71(b)(2), a "divorce or separation instrument" means:

> (A) a decree of divorce or separate maintenance or a written instrument incident to such a decree,

(B) a written separation agreement, or

(C) a decree (not described in subparagraph (A))requiring a spouse to make payments for the support or maintenance of the other spouse.

Further, subparagraph (B) of section 71(b)(1) requires that the divorce or separation instrument not designate the payment as not alimony or separate maintenance.  A divorce or separation instrument "contains a nonalimony designation if the substance of such a designation is reflected in the instrument."  Estate of Goldman v. Commissioner, supra at 323.  In other words, a divorce or separation agreement must provide a "clear, explicit and express direction" that the payments are not to be treated as alimony, but the designation need not mimic the language of sections 71 and 215.  Richardson v. Commissioner, 125 F.3d 551, 556 (7th Cir. 1997), affg. T.C. Memo. 1995-554; Estate of Goldman v. Commissioner, supra at 323.

In the present case, neither the Judgment nor the incorporated Agreement makes any mention of alimony or separate maintenance.  Petitioner's pension plan with the USPS and the $475 per month payment therefrom were also not established by the Judgment or the Agreement.  Indeed, the Agreement specifically states that "neither party shall be obligated to pay maintenance to the other party."  In addition, petitioner testified:  "I didn't have to pay alimony, and she didn't have to pay it to me either."

We conclude, therefore, that the Judgment of Divorce and the Oral Stipulation Agreement incorporated therein do not provide for payments to petitioner's former wife and clearly, explicitly, and expressly contain a nonalimony provision.  Accordingly, we must hold that petitioner's payments made to his former wife in 2007 did not satisfy the conditions set forth in section 71 and are thus not properly deductible as alimony for the taxable year in issue.

Finally, we observe that the only year before us is 2007 and that our holding relates only to that year.  Thus, our holding does not preclude petitioner from asking a local court of competent jurisdiction for a qualified domestic relations order (QDRO) with respect to the monthly payment to his former wife of a portion of his USPS pension.  See secs. 402(e)(1)(A), 414(p); Amarasinghe v. Commissioner, T.C. Memo. 2007-333, affd. 282 Fed. Appx. 228 (4th Cir. 2008).

To reflect the foregoing,

Decision will be entered for respondent.