**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-7

UNITED STATES TAX COURT

MARVIN DOUGLAS, JR. AND K. ELDER-DOUGLAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12600-10S.                    Filed January 15, 2014.

Marvin Douglas, Jr., and K. Elder-Douglas, pro sese.

<u>Audra M. Dineen</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent

for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in Marvin Douglas (petitioner) and K. Elder-Douglas' (Ms. Elder-Douglas) 2007 Federal income tax of $15,232 and an accuracy-related penalty under section 6662(a) of $3,046.40.  Respondent also determined a deficiency in their 2008 Federal income tax of $22,885 and an accuracy-related penalty under section 6662(a) of $4,577.

After concessions,[1] the issues for decision are:  (1) whether petitioner is entitled to deductions claimed on Schedules C, Profit or Loss From Business, for the years in issue; (2) whether petitioner is entitled to unreimbursed employee business expense deductions claimed on Schedule A, Itemized Deductions, greater than those respondent allowed for the years in issue; (3) whether petitioner is entitled to a casualty loss deduction for 2008; and (4) whether petitioners are

---

[1]Ms. Elder-Douglas was granted innocent spouse relief for 2007 and 2008 with respect to certain adjustments attributable to petitioner.  Ms. Elder-Douglas has conceded any remaining adjustments attributable to her for the years in issue, and petitioner did not dispute these adjustments.  Thus, the only remaining issue with respect to Ms. Elder-Douglas is whether the accuracy-related penalty under sec. 6662(a) applies with respect to any underpayments attributable to her for the years in issue.

liable for the accuracy-related penalties under section 6662(a) for the years in issue.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation of facts, the supplemental stipulation of facts, and the stipulation of settled issues by this reference.[2] At the time the petition was filed, petitioner resided in California and Ms. Elder-Douglas resided in Illinois.

Petitioner worked full time as an air traffic controller for the Federal Aviation Administration (FAA). The FAA did not require petitioner to travel during the years in issue. Petitioner also pursued various multilevel marketing activities during the years in issue.[3] On petitioner's 2007 Schedules C he reported losses with respect to five multilevel marketing activities. These activities

---

[2]On November 1, 2011, respondent filed a request for admissions. Petitioners filed no response, and the requested matters were deemed admitted. See Rule 90(c). Some of the matters deemed admitted here have been stipulated in the stipulation of settled issues and the stipulation of facts. In the stipulation of settled issues, with respect to an unreported State tax refund petitioners received in 2007, petitioners agreed to an amount of $2,748, while in the stipulation of facts and the request for admissions petitioners agreed to and admitted to an amount of $2,781. We presume the correct amount is $2,781.

[3]Multilevel marketing generally refers to direct sales where the sales force is compensated for sales they personally generate as well as for sales of the other salespeople that they recruit.

included: (1) Sales Prepaid Legal, a company that sold prepaid legal services; (2) American Travel Bureau, a company that provided travel services; (3) World Leadership Group (WLG), a company that marketed real estate, financial services, insurance, and investments and sold mortgages; (4) Global Domains International, a company that sold domain names; and (5) Veretekk, a company that provided online marketing services. During 2008 petitioner continued to participate in the five foregoing activities and began participating in two additional activities: Direct Sales, a company for which there is no description, and Cyberwize Sales, a company that sold nutritional products.

Petitioner traveled throughout 2007 and 2008 to attend meetings and training seminars for his multilevel marketing activities. He spent amounts on airfare, hotel accommodations, and rental vehicles.[4]

---

[4]After trial the parties filed a supplemental stipulation of facts attaching numerous documents. Respondent objected to virtually all of the proposed exhibits on the basis of lack of foundation and hearsay. Some of the proposed exhibits were copies of hotel, car rental, and airline receipts.

In general, the Court conducts trials in accordance with the rules of evidence for trials without a jury in the U.S. District Court for the District of Columbia, and accordingly, follows the Federal Rules of Evidence. Sec. 7453; Rule 143(a); Clough v. Commissioner, 119 T.C. 183, 188 (2002). However, Rule 174(b) carves out an exception for trials of small tax cases under the provisions of sec. 7463(a). Under Rule 174(b), the Court conducts small tax cases as informally as possible and consequently may admit any evidence that the Court deems to

(continued...)

Petitioner claimed deductions for the following expenses on his 2007 and 2008 Schedules C for his multilevel marketing activities:

Sales Prepaid Legal

|  | 2007 | 2008 |
|---|---|---|
| Advertising | $17 | $20 |
| Car and truck | --- | 64 |
| Depreciation | 142 | 101 |
| Office | --- | 25 |
| Supplies | 64 | 65 |
| Travel | 75 | 13 |
| Meals and entertainment | 27 | 41 |
| Utilities | 239 | 540 |
| Other | 469 | 829 |
| Business use of home | --- | 1,526 |
| Total | 1,033 | 3,224 |

American Travel Bureau

|  | 2007 | 2008 |
|---|---|---|
| Advertising | $486 | 1,386 |
| Car and truck | 9,642 | 22,587 |
| Commissions and fees | --- | 20 |
| Depreciation | 12,930 | 7,758 |
| Legal and professional | 174 | 179 |
| Rent or lease | --- | 2,156 |
| Supplies | 210 | 175 |
| Taxes and licenses | 120 | 110 |
| Travel | 600 | 1,526 |
| Meals and entertainment | 45 | 42 |
| Utilities | 1,389 | 1,320 |
| Other | 144 | 98 |
| Business use of home | 1,292 | 5,950 |
| Total | 27,032 | 43,307 |

---

[4](...continued)
have probative value.  Schwartz v. Commissioner, 128 T.C. 6, 7 (2007).  The documents that petitioners offered are highly probative of expenses petitioner seeks to deduct for his multilevel marketing activities.  Therefore, we overrule respondent's evidentiary objections, and the exhibits are admitted into evidence.

## World Leadership Group

|                          | 2007   | 2008   |
|--------------------------|--------|--------|
| Advertising              | $672   | 644    |
| Car and truck            | 9,114  | 21,413 |
| Depreciation             | 410    | 246    |
| Legal and professional   | 174    | 174    |
| Office                   | 90     | 90     |
| Rent or lease            | ---    | 275    |
| Supplies                 | 608    | 226    |
| Taxes and licenses       | 510    | 510    |
| Travel                   | 2,800  | 5,037  |
| Meals and entertainment  | 225    | 1,380  |
| Utilities                | 3,712  | 3,389  |
| Other                    | ---    | 455    |
| Business use of home     | ---    | 1,526  |
|                          | 18,315 | 35,365 |

## Global Domains International

|                          | 2007   | 2008   |
|--------------------------|--------|--------|
| Advertising              | $205   | $205   |
| Car and truck            | 4,477  | 5,512  |
| Supplies                 | 160    | 140    |
| Meals and entertainment  | 160    | 217    |
| Utilities                | 252    | 220    |
| Business use of home     | ---    | 1,526  |
|                          | 5,254  | 7,820  |

## Veretekk

|                          | 2007   | 2008   |
|--------------------------|--------|--------|
| Car and truck            | $949   | 1,453  |
| Depreciation             | 1,200  | ---    |
| Legal and professional   | ---    | 312    |
| Meals and entertainment  | ---    | 67     |
| Business use of home     | ---    | 883    |
| Total                    | 2,149  | 2,715  |

Direct Sales

|  | 2008 |
|---|---|
| Car and truck | $2,481 |
| Supplies | 3,559 |
| Business use of home | 1,526 |
| Total | 7,566 |

Cyberwize Sales

|  | 2008 |
|---|---|
| Car and truck | $2,443 |
| Commissions and fees | 200 |
| Depreciation | 5,060 |
| Interest | 510 |
| Supplies | 1,495 |
| Travel | 1,895 |
| Meals and entertainment | 62 |
| Utilities | 816 |
| Other | 2,694 |
| Business use of home | 1,526 |
| Total | 16,701 |

Petitioner also claimed deductions for job expenses and certain miscellaneous deductions on his 2007 and 2008 Schedules A of $12,654 and $24,834, respectively. These deductions related to travel, job training, membership dues for the National Black Coalition of Federal Aviation Employees (NBCFAE), union dues, tax preparation fees, and attorney's and accountant's fees.[5]

---

[5]Petitioner did not contest respondent's disallowance of deductions for tax preparation fees and attorney's and accountant's fees for 2007 and 2008. Accordingly, the disallowed amounts are deemed conceded by petitioner. See

(continued...)

Petitioner's insurance company determined that his vehicle was unsalvageable after it was involved in an auto accident in 2008, and he claimed a $12,020 casualty loss deduction on his 2008 Schedule A for this loss.

Respondent disallowed all of the claimed 2007 and 2008 Schedule C expense deductions. Respondent also disallowed certain Schedule A expense deductions for 2007 and 2008 and the casualty loss deduction for 2008.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners did not allege that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioners bear the burden of proof. See Rule 142(a).

A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish he or she is entitled to the deductions. Sec. 6001. Section 162(a) provides a deduction for certain business-related expenses.

[5](...continued)
Rule 149(b).

To qualify for the deduction under section 162(a), "an item must (1) be 'paid or incurred during the taxable year,' (2) be for 'carrying on any trade or business,' (3) be an 'expense,' (4) be a 'necessary' expense, and (5) be an 'ordinary' expense." Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971); Deputy v. du Pont, 308 U.S. 488, 495 (1940) (to qualify as "ordinary", the expense must relate to a transaction "of common or frequent occurrence in the type of business involved"). Whether an expense is ordinary is determined by time, place, and circumstance. Welch, 290 U.S. at 113-114. Generally, the performance of services as an employee constitutes a trade or business, Primuth v. Commissioner, 54 T.C. 374, 377 (1970), and the ordinary and necessary expenses paid in connection with that trade or business are deductible, sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004).

Section 274(d) applies to certain business expenses including, among other things, expenses for gifts, listed property and travel (including meals and lodging while away from home). To substantiate a deduction attributable to travel expenses, a taxpayer must maintain adequate records or present corroborative evidence to show the following: (1) the amount of each travel expense; (2) the time and place of travel; and (3) the business purpose for travel. Sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

I.      Schedules C Travel Expenses--2007 and 2008

Petitioner traveled in 2007 and 2008, attending seminars and conferences for his multilevel marketing activities.  Petitioner provided documentation and substantiation that he incurred expenses of $705.60[6] for hotel stays, $631.46 for car rental, and $872.25 for airfare for WLG conferences in 2007, and $933 for airfare for a WLG conference in 2008.

We are satisfied that petitioner has met the strict substantiation requirements of section 274(d) for the foregoing expenses by providing a combination of airfare tickets, hotel receipts, car rental receipts, seminar brochures, and his own testimony.

With respect to the remaining claimed travel expense deductions on his 2007 and 2008 Schedules C, petitioner did not substantiate the expenses or satisfy the substantiation requirements of section 274(d).  Therefore, the Court sustains respondent's disallowance of the remaining claimed travel expense deductions.

II.      Remaining Schedule C Expenses--2007 and 2008

Petitioner claimed expense deductions on his 2007 and 2008 Schedules C related to his multilevel marketing activities.  The expense deductions were for

---

[6]This cost relates to two conferences petitioner attended in 2007.  The costs of the respective hotel stays were $281.94 and $423.66.

advertising, car and truck, commissions and fees, depreciation, legal and professional, rent or lease, supplies, taxes and licenses, meals and entertainment, utilities, business use of home, and other expenses.

Petitioner provided documentation that he paid $299 and $98 in 2007 for accreditation to perform his WLG activity in two States and that he paid a $175 WLG conference registration fee in 2007. Petitioner also provided documentation that he paid a $50 registration fee in 2008 for a WLG event.

The Court is satisfied that the foregoing expenses were ordinary and necessary for petitioner's WLG activity in the years indicated.[7] Petitioner did not substantiate the remaining claimed Schedule C expense deductions or otherwise contest respondent's determination, and we sustain respondent's disallowance of the remaining expense deductions.

III. Schedule A Unreimbursed Employee Business Expenses

Petitioner claimed unreimbursed employee business expense deductions for 2007 and 2008 for travel, job training, and union and membership dues. We discuss each item below in turn.

---

[7]To the extent these expenses are subject to the strict substantiation requirements of sec. 274(d), we are satisfied that petitioner has satisfied the requirements of that section.

A.    Travel

It has been deemed admitted that petitioner was not required to travel for employment during the years in issue.  In any event, petitioner failed to provide any evidence to substantiate the business purpose of the travel.  Respondent's determination is sustained.

B.    Job Training and Union and Membership Dues

Subject to certain exceptions, education expenditures may be deducted as trade or business expenses if the education maintains or improves the skills required by a taxpayer in his or her employment or if the education meets the express requirements of the taxpayer's employer.  Sec. 1.162-5(a)(1) and (2), Income Tax Regs.

Petitioner paid membership dues and attended NBCFAE training.  He testified that the training was beneficial and qualified him for promotion.  Although petitioner undoubtedly benefited from the training, he did not demonstrate that his membership and training were required by his employer, that without the training he could not have maintained his then-established employment relationship, or that the training maintained or improved the skills required for his employment.  See sec. 1.162-5(c)(2), Income Tax Regs.  With respect to union dues, petitioner did not substantiate these expenses for 2007 or

2008. Therefore, we sustain respondent's disallowance of the foregoing claimed unreimbursed employee business expense deductions.

IV. 2008 Casualty Loss

A taxpayer is allowed a deduction for an uncompensated loss that arises from fire, storm, shipwreck, or other casualty. Sec. 165(a), (c)(3). However, any "loss * * * shall be allowed only to the extent that the amount of the loss to such individual arising from each casualty * * * exceeds $100" and only to the extent that the net casualty loss "exceeds 10 percent of the adjusted gross income". Sec. 165(h).

The amount of the casualty loss allowed under section 165 is the lesser of: (1) the fair market value of the property immediately before the casualty reduced by the fair market value of the property immediately after the casualty or (2) "[t]he amount of the adjusted basis prescribed" in section 1.1011-1, Income Tax Regs., "for determining the loss from the sale or other disposition of the property involved." Sec. 1.165-7(b)(1), Income Tax Regs.

Petitioner claimed a $12,020 deduction for the loss of his vehicle in 2008. The amount claimed was the difference between the $60,020 original value of the vehicle in 2006 and the $48,000 paid by insurance after it was determined that it was unsalvageable in 2008. After petitioner paid a $50 deductible, his primary

and gap insurance covered the remaining balance of $47,950. Petitioner offered evidence of the value of the car at the time of the original lease. However, he failed to establish the value immediately before the accident and the value immediately following the accident. See sec. 1.165-7(b), Income Tax Regs. Without further evidence we cannot conclude that the car's value at the time of the accident was that of a new car. Therefore, respondent's determination on this issue is sustained.

## V.    Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a penalty of 20% of the portion of an underpayment of tax attributable to the taxpayer's negligence, disregard of rules or regulations, or substantial understatement of income tax. "Negligence" includes any failure to make a reasonable attempt to comply with the Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial understatement" includes an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

The section 6662(a) accuracy-related penalty does not apply with respect to any portion of an underpayment if the taxpayer proves that there was reasonable

cause for such portion and that he acted in good faith with respect thereto. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability; the knowledge and the experience of the taxpayer; and any reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the taxpayer's effort to assess the taxpayer's proper tax liability. Id.

The Commissioner has the burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662. To satisfy that burden, the Commissioner must produce sufficient evidence showing that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Respondent determined the accuracy-related penalty for each year was due to negligence or a substantial understatement of income tax. Respondent has satisfied his burden by producing evidence that petitioners failed to maintain adequate books and records. In addition, the underpayment of tax with respect to petitioner[8] is a result of substantial understatements of income tax for 2007 and

---

[8]As a result of the mutual concessions wherein respondent granted partial relief under sec. 6015 and Ms. Elder-Douglas conceded the remaining

(continued...)

2008 because the understatements of $15,232 and $22,885, respectively, exceed $5,000, which is greater than 10% of the tax required to be shown on the returns.[9] Accordingly, because respondent has met his burden of production, petitioners must come forward with persuasive evidence that the accuracy-related penalties should not be imposed with respect to the underpayments because they acted with reasonable cause and in good faith. See sec. 6664(c)(1); Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446.

Petitioners failed to provide evidence of most of the claimed expense deductions on Schedules C and Schedule A and failed to explain the conceded amounts. Petitioners have not demonstrated that they acted with reasonable cause and in good faith with respect to the recordkeeping requirements; therefore, the Court sustains respondent's determination on this issue.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

---

[8](...continued)
adjustments, the accuracy-related penalties under sec. 6662(a) do not apply to Ms. Elder-Douglas as to the items for which respondent granted innocent spouse relief. See sec. 1.6015-1(h)(4), Income Tax Regs.

[9]The allowed expenses for 2007 and 2008 would not reduce either understatement below $5,000 with respect to petitioner.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.